## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 17-cv-1875-LPS-CJB |
| EXPEDIA, INC., EXPEDIA, INC., HOMEAWAY.COM, INC., HOTELS.COM L.P., HOTWIRE, INC., ORBITZ WORLDWIDE, INC., ORBITZ, LLC, AND TRAVELSCAPE LLC, | § § § § § § § § § | |
| Defendants, | § | |

## OPENING BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
## UNDER RULE 12(b)(3) AND RULE 12(b)(6)

Francis DiGiovanni (#3189)
Thatcher A. Rahmeier (#5222)
DRINKER BIDDLE & REATH LLP
222 Delaware Avenue, Suite 1410
Wilmington, DE 19801
(302) 467-4200
francis.digiovanni@dbr.com
thatcher.rahmeier@dbr.com

Of Counsel:

David B. Weaver
Joseph Gray
Christopher V. Ryan
BAKER BOTTS L.L.P.
98 San Jacinto, Suite 1500
Austin, Texas 78701
(512) 322-2500
david.weaver@bakerbotts.com
joseph.gray@bakerbotts.com
chris.ryan@bakerbotts.com

*Attorneys for Defendants*

Dated:  May 29, 2018

## Table of Contents

**Page**

I.    Introduction and Nature and State of the Proceedings .......................................................1

II.   Summary of the Argument......................................................................................................1

III.  Overview of the Expedia Group™ Corporate Family........................................................2

IV.   Argument ...................................................................................................................................2

    A.    The Court should dismiss all claims against Expedia-WA, Hotels.com, and
Travelscape under Rule 12(b)(3) for improper venue ...........................................3

        1.    Venue is improper under the first prong of § 1400(b) because none of
Expedia-WA, Hotels.com, or Travelscape resides in Delaware ................4

        2.    Venue is improper under the second prong of § 1400(b) because none of
Expedia-WA, Hotels.com, or Travelscape has a Delaware place of
business ...................................................................................................................5

            a.    Expedia Group's corporate residence is irrelevant to the venue
determination under the second prong of § 1400(b)........................5

            b.    CruiseShipCenters International, Inc.'s Delaware location is not
the "place" of Expedia-WA under the second prong of § 1400(b)..6

    B.    The Court should dismiss IBM's complaint under Rule 12(b)(6) for failure
to state a claim .........................................................................................................9

        1.    IBM's complaint fails to state an alter ego theory as to any defendant ......9

            a.    IBM's complaint does not allege fraud or injustice as to any
defendant ...............................................................................................11

            b.    IBM's complaint also fails to satisfy the "traditional" alter ego
requirement as to any defendant ........................................................11

        2.    IBM's complaint fails to state a claim for direct infringement under
§ 271(a) against any defendant ..........................................................................13

            a.    IBM's complaint fails to state a claim for direct infringement
against each Subsidiary Defendant ...................................................13

            b.    IBM's complaint also fails to state a claim for direct infringement
against Expedia Group ........................................................................16

         3.    IBM's complaint fails to state a claim for indirect infringement under
§ 271(b) or § 271(c) against any defendant ...............................................17

a.      IBM's complaint fails to allege an underlying act of direct infringement to support its indirect infringement claim against any defendant ......................................................................................18

b.      IBM's complaint fails to allege specific intent to induce infringement as to any Defendant .................................................19

c.      IBM's complaint also fails to allege the elements of contributory infringement as to any Defendant .................................................19

V.      Conclusion ..................................................................................................20

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Ashcroft v. Iqbal,*
　556 U.S. 662 (2009) ....................................................................... 9, 15

*Bell Atlantic Corp. v. Twombly,*
　550 U.S. (2007) ............................................................................... 9, 13

*Blair v. Infineon Techs. AG,*
　720 F. Supp. 2d 462,470 (D. Del. 2010) ............................................ 11

*Boston Scientific Corp. v. Cook Group Inc.,*
　Case No. 15-980-LPS-CJB, Dkt. No. __ (D. Del. Sept. 11, 2017) ............ 8

*C.R. Bard, Inc. v. Guidant Corp.,*
　997 F. Supp. 556 (D. Del. 1998) ....................................................... 12

*Case Fin., Inc. v Alden,*
　Civil Action No. 1184-VCP, 2009 WL 2581873 (Del. Ch. Aug. 21, 2009) ......... 10

*Energy Marine Servs., Inc. v. DB Mobility Logistics AG,*
　No. 15-24-GMS, 2016 WL 284432 (D. Del. Jan. 22, 2016) ............... 8, 12, 13

*Fidelity Nat'l Inf. Svcs., Inc. v. Plano Encryption Techs. LLC,*
　2016 WL 1650763 (D. Del. 2016) ........................................................ 8

*In re Cordis,*
　769 F.2d 733 (Fed. Cir. 1985) ............................................................. 3

*In re Cray,*
　871 F.3d 1355 (Fed. Cir. 2017) ........................................................... 5

*Javelin Pharmaceuticals, Inc. v. Mylan Laboratories Ltd.,*
　Case No. 16-224-LPS, 2017 WL 5953296  (D. Del. Dec. 1, 2017) ............ 7

*M2M Sols. LLC v. Telit Commc'ns PLC,*
　2015 WL 4640400 ............................................................................... 15

*Mayne Pharma Int'l PTY Ltd. v. Merck & Co., Inc.,*
　2015 WL 7833206 (D. Del. 2015) ....................................................... 15

*Morse v. Lower Merion Sch. Dist.,*
　132 F.3d 902 (3d Cir. 1997) ............................................................. 9, 13

*Pearson v. Component Tech. Corp.*,
    247 F.3d 471 (3d. Cir. 2001) ...................................................................... 10, 11

*Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*,
    998 F.2d 1192 (3d Cir. 1993)..................................................................... 9

*Pontiaki Special Maritime Enter. v. Taleveras Group*,
    No. 16-247-LPS, 2016 WL 4497058 (D. Del. Aug. 26, 2016) (J. Stark)............................. 13

*Post Consumer Brands, LLC v. Gen. Mills, Inc.*,
    2017 WL 4865936 (E.D. Mo. Oct. 27, 2017) ........................................................ 7

*Princeton Dig. Image Corp. v. Konami Dig. Entm't Inc.*,
    No. 12-1461-LPS-CJB, 2017 WL 239326 (D. Del. Jan. 19, 2017) ...................................... 15

*Publicker Indus., Inc., v. Roman Ceramics Corp.*,
    603 F.2d 1065 (3d Cir. 1979)..................................................................... 10

*Schnell v. Peter Eckrich & Sons, Inc.*,
    365 U.S. 260 (1961) ............................................................................. 3

*Soverain IP, LLC v. AT&T, Inc.*,
    2017 WL 5126158 (E.D. Tex. Oct. 31, 2017) ...................................................... 7

*Symbology Innovations, LLC v. Lego Sys., Inc.*,
    2017 WL 4324841 (E.D. Va. Sept. 28, 2017) ...................................................... 7

*T-Jat Sys. 2006 Ltd. v. Expedia, Inc. (DE) et al.*,
    Case No. 16-cv-581-RGA, 2018 WL 1525496 (D. Del. Mar. 28, 2018) ................................ 6

*T-Jat Sys. 2006 Ltd. v. Expedia, Inc. (DE) et al.*,
    No. 16-cv-581-RGA-MPT, 2017 WL 896988 (D. Del. Mar. 7, 2017) ............... 10, 11, 13, 15

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
    137 S. Ct. 1514 (2017) ......................................................................... 4

## STATUTES

28 U.S.C. § 1400(b) .................................................................. 3, 4, 5, 6, 7, 8

28 U.S.C. § 1406(a) .................................................................................. 3

## OTHER AUTHORITIES

Federal Rule of Civil Procedure 8 .................................................... 9, 13, 15

Federal Rule of Civil Procedure 12.................................... 1, 3, 8, 9, 11, 12, 13, 16, 20

I.      **Introduction and Nature and State of the Proceedings**

In its complaint (D.I. No. 1), IBM alleges that eight defendants collectively infringe IBM's patents based on the operation of six separate and different travel websites.  Defendants Expedia, Inc., a Washington corporation ("Expedia-WA"), Hotels.com LP ("Hotels.com"), and Travelscape LLC ("Travelscape") move to dismiss IBM's claims against them under Federal Rule of Civil Procedure 12(b)(3) for improper venue and under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  Defendants Expedia Group, Inc. ("Expedia Group"[1]), Hotwire, Inc. ("Hotwire"), Orbitz Worldwide, Inc., and Orbitz LLC join this motion and brief in support with respect to the issues set forth below concerning Rule 12(b)(6).[2]

II.     **Summary of the Argument**

1.      Neither Expedia-WA, Hotels.com, nor Travelscape is incorporated in Delaware or has a regular and established place of business in Delaware.  Venue is thus improper as to these three defendants under 35 U.S.C. § 1400(b), compelling dismissal under Rule 12(b)(3).

2.      The complaint should be dismissed under Rule 12(b)(6) for failure to adequately plead a claim for patent infringement against any defendant.  Because IBM's complaint fails to plead an alter-ego theory with facial plausibility and separately because IBM's complaint fails to adequately plead direct or indirect infringement against any defendant, the Court should dismiss IBM's claims in their entirety for failure to state a claim under Rule 12(b)(6).

---

[1]     Effective March 26, 2018, the defendant formerly named Expedia, Inc., a Delaware corporation ("Expedia-DE"), changed its name to Expedia Group, Inc.  Declaration of Michael Marron in Support of Defendants' Motion to Dismiss Under Rule 12(b)(3) and Rule 12(b)(6) ("Marron Decl."), ¶ 4.  Accordingly, this brief refers to named defendant Expedia-DE, the non-operating holding company, as "Expedia Group."  The name of defendant Expedia, Inc., a Washington corporation (Expedia-WA) has not changed.

[2]     Defendant Homeaway.com, Inc. also joins this motion with respect to the issues set forth below concerning Rule 12(b)(6), but is contemporaneously filing its own Opening Brief in Support of its Motion to Dismiss Count Two of IBM's Complaint based on obviousness-type double patenting.

III.      **Overview of the Expedia Group™ Corporate Family**

Defendant Expedia Group, through its subsidiaries, owns a portfolio of travel brands, including Expedia.com®, Hotels.com®, Orbitz®, HomeAway®, Travelocity®, and Hotwire®. Each such brand is associated with its respective website, including www.expedia.com, www.hotels.com, www.orbitz.com, www.homeaway.com, www.travelocity.com, and www.hotwire.com.  IBM's infringement allegations in this case are based on these six travel websites.

The accused travel websites are owned, controlled, and operated by Expedia Group's subsidiaries, which are independent entities organized under the laws of various states.  Marron Decl., ¶ 7.  The eight defendants in this case include Expedia Group, a non-operating, publicly-traded Delaware holding company that is the ultimate parent of the Expedia Group™ corporate family, and seven of Expedia Group's direct or indirect subsidiaries ("Subsidiary Defendants"). The seven Subsidiary Defendants include four Delaware corporations, one Washington corporation (Expedia-WA), one Nevada corporation (Travelscape LLC), and one Texas corporation (Hotels.com L.P.).  Marron Decl., ¶ 5.  The three non-Delaware Subsidiary Defendants maintain their principal places of business in Washington, Nevada, and Texas, respectively, and none has any operations, personnel, equipment, facilities, offices, or other places of business in Delaware.  *Id.* at ¶¶ 5-6.

IV.      **Argument**

This case cannot proceed in its current form.[3]  The patent venue statute mandates that venue be proper for each defendant.  But that is not the case for Expedia-WA, Hotels.com, and

---

[3]      IBM's allegations likely violate 35 U.S.C. § 299, and the defendants reserve all rights to challenge IBM's complaint under § 299.  However, given the current ambiguous state of IBM's allegations against the various defendants, and impropriety of venue as to three defendants, such a motion appears premature.

Travelscape. Expedia-WA is a Washington corporation, Hotels.com is a Texas limited partnership, and Travelscape is a Nevada limited liability company, and none of those three defendants maintains a regular and established place of business in Delaware. Accordingly, venue in Delaware is improper as to these three defendants under 28 U.S.C. § 1400(b), and the Court should dismiss IBM's claims as to these three defendants under Rule 12(b)(3) for improper venue. *See* 28 U.S.C. § 1406(a).

IBM's complaint attempts to sidestep the issue of improper venue by making the extraordinary and wholly unsupported assertion that all defendants are alter egos of one another and, therefore, that all corporate distinctions of Expedia Group and its Subsidiary Defendants are illusory and should be disregarded.  IBM thus seeks to pierce the corporate veils of all eight defendants—including five Delaware corporations—and proceed in this single lawsuit as if eight companies are a single Delaware company operating six websites.  IBM's complaint, however, falls far short of pleading a viable alter ego claim and fails to set forth plausible factual allegations to support IBM's far-fetched theory.  Based on these and other pleading deficiencies explained below, defendants request that the Court dismiss the complaint's alter ego allegations and dismiss IBM's claims for direct and indirect infringement under Rule 12(b)(6).

### A.     The Court should dismiss all claims against Expedia-WA, Hotels.com, and Travelscape under Rule 12(b)(3) for improper venue

The patent venue statute provides that "[a]ny civil action for patent infringement may be brought in the judicial district [1] where the defendant resides, or [2] where the defendant has committed acts of infringement and has a regular and established place of business."  28 U.S.C. § 1400(b).  For venue to be proper, therefore, at least one prong of the exacting standard of § 1400(b) must be satisfied.  *See In re Cordis*, 769 F.2d 733, 736 (Fed. Cir. 1985) ("[T]he provisions of § 1400(b) are not to be liberally construed."); *Schnell v. Peter Eckrich & Sons,*

*Inc.*, 365 U.S. 260, 264 (1961) (venue under § 1400(b) "is not one of those vague principles which, in the interest of some overriding policy, is to be given a 'liberal' construction").[4]

> **1.     Venue is improper under the first prong of § 1400(b) because none of Expedia-WA, Hotels.com, or Travelscape resides in Delaware**

IBM does not allege that venue is proper as to Expedia-WA, Hotels.com, or Travelscape under the first prong of § 1400(b), *i.e.*, based on their corporate residence.  Rather, IBM alleges Expedia-WA is a Washington corporation (D.I. No. 1, ¶ 7), Hotels.com is a Texas limited partnership (*id.* at ¶ 12), and Travelscape is a Nevada limited liability company (*id.* at ¶ 19). IBM alleges, therefore, that Expedia-WA, Hotels.com, and Travelscape reside in Washington, Texas, and Nevada, respectively—*not* in Delaware.  *See TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1519 (2017) (confirming that a domestic corporation "resides" only in its state of incorporation).[5]

---

[4]     The Federal Circuit recently held that the burden of persuasion is a substantive aspect of § 1400(b) and, therefore, that Federal Circuit law governs placement of that burden.  *In re ZTE (USA) Inc.*, 2018 WL 2187782, at *2-4 (Fed. Cir. May 14, 2018).  The Federal Circuit further held that, on a defendant's motion challenging venue in a patent case, the <u>plaintiff</u> bears the burden of establishing venue. *Id.* at 4.  The Federal Circuit granted ZTE's mandamus petition with instructions that the district court reconsider ZTE's motion to dismiss under Rule 12(b)(3), "placing the burden of persuasion on the propriety of venue" on the plaintiff rather than on ZTE. *Id.* at *6. This Court had previously held that a <u>defendant</u> bears the burden on a Rule 12(b)(3) motion based on § 1400(b).  *See Boston Scientific Corp. v. Cook Group Inc.*, 269 F.Supp.3d 229, 235 (D. Del. 2017) (holding that defendant bears the burden to establish impropriety of venue, but noting "there is no Federal Circuit precedent as to either (i) whether Federal Circuit law controls a motion to dismiss for improper venue, or (ii) which party bears the burden on such a motion").  Defendants respectfully submit that, under *In re ZTE*, IBM bears the burden of demonstrating that venue in Delaware is proper as to each defendant.

[5]     To the extent IBM argues that another defendant's Delaware residence should be imputed to these defendants to establish venue under the first prong of § 1400(b) based on IBM's alter ego theory, the Court should disregard such an argument because IBM's complaint fails to plead a viable alter ego theory, and all allegations concerning that theory should be dismissed.  *See infra* Section III.B.1.  IBM has not alleged facially plausible facts to support a viable theory under which the corporate residence of a defendant can be ignored, and the corporate residence of a different defendant imputed, to establish venue under the first prong of § 1400(b).

**2.     Venue is improper under the second prong of § 1400(b) because none of Expedia-WA, Hotels.com, or Travelscape has a Delaware place of business**

Because Expedia-WA, Hotels.com, and Travelscape do not reside in Delaware, the second prong of § 1400(b) must be satisfied for venue to be proper.  The second prong of § 1400(b) requires, among other things, a defendant to have a "regular and established place of business" in the district, which in turn requires: (1) a physical place in the district; (2) that is a regular and established place of business; and (3) that is **the place of the defendant**.  *In re Cray*, 871 F.3d 1355, 1362 (Fed. Cir. 2017) (emphasis added).  "If any statutory requirement is not satisfied, venue is improper under § 1400(b)."  *Id.*  Because neither prong of § 1400(b) is satisfied with respect to these three defendants, venue in Delaware is improper.

IBM's venue allegations concerning Expedia-WA, Hotels.com, and Travelscape are two-fold: (1) that these defendants are agents and alter-egos of Expedia Group; and (2) that the Delaware business location of a franchisee of a non-defendant subsidiary of Expedia-WA should be imputed to Expedia-WA for purposes of venue.  Neither theory permits IBM to sidestep the exacting requirements of § 1400(b).

**a.     Expedia Group's corporate residence is irrelevant to the venue determination under the second prong of § 1400(b)**

IBM does not allege that Expedia-WA, Hotels.com, or Travelscape have any employees, equipment, or locations of their own in Delaware.  *See, e.g.,* D.I. No. 1, ¶¶ 7-9, 32-38 (Expedia-WA), ¶¶ 12, 32 (Hotels.com), ¶¶ 19, 32 (Travelscape).  Rather, IBM alleges that venue is proper because these three defendants "are agents and alter-egos of Expedia [Group], are completely controlled and dominated by Expedia [Group], and are subsidiaries of Expedia [Group]."  D.I. No. 1, ¶ 32.  Because IBM does <u>not</u> allege that Expedia Group has a Delaware business location, however, IBM's alter ego allegations are irrelevant to the venue determination under the second

prong of § 1400(b).  *See T-Jat Sys. 2006 Ltd. v. Expedia, Inc. (DE) et al.,* Case No. 16-cv-581-RGA, 2018 WL 1525496 at *7–8 (D. Del. Mar. 28, 2018) ("*T-Jat II*") (rejecting the argument that a principal's *residence* can determine a subsidiary's "regular and established place of business" because it improperly conflates the two prongs of § 1400(b)).

Expedia Group does not have a place of business in Delaware that may be imputed to Expedia-WA, Hotels.com, or Travelscape for purposes of venue under the second prong of § 1400(b), and IBM does not allege otherwise.  IBM's complaint thus fails to allege any facts under which the second prong might be satisfied with respect to Expedia-WA, Hotels.com, or Travelscape based on Expedia Group.

### b. The identified Bear, Delaware location is not the "place" of Expedia-WA under the second prong of § 1400(b)

Solely with respect to Expedia-WA—and not Hotels.com or Travelscape—IBM alleges a second venue theory.  Specifically, IBM alleges that a Delaware location of a franchisee of a subsidiary of Expedia-WA, named CruiseShipCenters International, Inc. ("CII"), should be imputed to Expedia-WA.  D.I. No. 1, ¶¶ 33-38; Marron Decl., ¶¶ 15-21.  Though CII is not a defendant in this case, and IBM does not allege that CII is in any way associated with any of the accused websites in this case, IBM alleges that a Bear, Delaware location should be considered the "place" of Expedia-WA for venue purposes.  But IBM's theory is based on inconsequential facts concerning the corporate relationship between Expedia-WA and its subsidiaries, a single paragraph of unsupported legal conclusions, and a misunderstanding of the business, nature, and ownership of the identified Bear, Delaware location.

The Bear, Delaware location identified in IBM's complaint is the business address of a franchisee of CruiseShipCenters USA, Inc. d/b/a Expedia CruiseShipCenters ("CSCI").  Marron Decl., ¶¶ 19-21.  CSCI is a Nevada corporation and subsidiary of Expedia-WA that offers

franchises specializing in cruise vacations in the United States. *Id.* at ¶ 17. CSCI does not own or operate any of the accused websites or mobile applications, and the business locations of CSCI franchises are independently owned and operated. *Id.* at ¶ 18-19. Neither Expedia-WA nor any other Expedia Group™ corporate family member holds out any franchise CSCI location as its own place of business or otherwise conducts business from any franchise CSCI location. *Id.* at ¶ 19, 21. Moreover, Expedia-WA does not own or lease the Bear, Delaware location and does not market or advertise itself or its products through the Bear, Delaware location. *Id.* at ¶ 21. No member of the Expedia Group™ corporate family, including Expedia-WA, has an ownership interest in Great Escapes, Inc., the owner of the Bear, Delaware CSCI franchise. *Id.*

Courts, including this Court, have explained that the "place" of a named defendant's corporate affiliate or subsidiary will not be treated as a "place of the defendant" under the second prong of § 1400(b) except in limited situations involving a demonstrated lack of corporate separateness. *Javelin Pharmaceuticals, Inc. v. Mylan Laboratories Ltd.,* Case No. 16-224-LPS, 2017 WL 5953296, at *4 (D. Del. Dec. 1, 2017).[6] IBM's allegations far fall short of alleging plausible facts to support such a theory. IBM's allegations concerning the relationship between Expedia-WA and CII merely outline the existence of a corporate relationship, and nothing more. *See* D.I. No. 1 at ¶ 34 (alleging corporate relationship between CII and Expedia-WA), ¶ 35 (alleging CII has a Delaware location of CII), and ¶ 36 (alleging the Bear, Delaware location

---

[6]     *See also Post Consumer Brands, LLC v. Gen. Mills, Inc.*, 2017 WL 4865936, at *2 (E.D. Mo. Oct. 27, 2017) (holding that the presence of corporate affiliates in the district will not establish venue "except where corporate formalities are ignored and an alter ego relationship exists"); *Symbology Innovations, LLC v. Lego Sys., Inc.*, 2017 WL 4324841, at *10-11 (E.D. Va. Sept. 28, 2017) (finding formal corporate separateness prevented imputing place of subsidiary to parent-defendant); *Soverain IP, LLC v. AT&T, Inc.*, 2017 WL 5126158, at *1-2 (E.D. Tex. Oct. 31, 2017) (finding place of subsidiary could not be imputed to parent-defendant because formal corporate separateness was maintained, even though parent company controls the subsidiary's operations and the companies share a unitary business purpose).

shares common branding with other Expedia Group™ entities). But these are basic features in any typical parent-subsidiary relationship, and they are inadequate to show a lack of corporate separateness. *See, e.g., Energy Marine Servs., Inc. v. DB Mobility Logistics AG*, No. 15-24-GMS, 2016 WL 284432, at *1, *3-4 (D. Del. Jan. 22, 2016) (finding that whole ownership of subsidiaries, shared branding with subsidiaries, and even indicia of operational control over subsidiaries fail to support alleged lack of corporate separateness). Moreover, IBM's allegations that Expedia-WA and CII are alter egos and operate as a "single entity" fail to include *any* facts relating to necessary components of an alter ego theory in Delaware, including fraud or injustice in use of the corporate form and lack of corporate separateness. *See infra* Section III.B.

None of Expedia-WA, Hotels.com, or Travelscape resides in Delaware or has a regular and established place of business in Delaware. Neither of IBM's venue theories—*i.e.*, imputing Expedia Group's corporate residence to these defendants, or imputing the Bear, Delaware location to Expedia-WA—alters this reality, as IBM's theories are wholly unsupported by factual allegations suggesting that Expedia Group's, Expedia-WA's, Hotels.com's, Travelscape's, CII's, CSC Holdings, Inc.'s, and CSCI's corporate distinctions can simply be ignored. Because neither prong of § 1400(b) is satisfied with respect to Expedia-WA, Hotels.com, or Travelscape, the Court should dismiss all claims against them under Rule 12(b)(3).[7]

---

[7] Because IBM's complaint fails to state a non-frivolous basis for venue with reasonable particularity, the Court should also deny any request by IBM to conduct venue discovery. *See, e.g., Boston Scientific Corp. v. Cook Group Inc.*, 269 F. Supp. 3d 229, 250 (D. Del. 2017) (denying venue-related discovery concerning whether defendants maintained a regular and established place of business in Delaware); *Fidelity Nat'l Inf. Svcs., Inc. v. Plano Encryption Techs. LLC*, 2016 WL 1650763, *5-8 (D. Del. 2016) (denying jurisdictional discovery based on alter ego allegations).

**B.    The Court should dismiss IBM's complaint under Rule 12(b)(6) for failure to state a claim**

A Rule 12(b)(6) motion to dismiss turns on whether a complaint satisfies the pleading requirements of Federal Rule of Civil Procedure 8.   Rule 8(a)(2) requires a complainant to provide "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."   To survive a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570).   "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Twombly*, 550 U.S. at 555.   While the Court draws all reasonable factual inferences in the light most favorable to a plaintiff, it rejects unsupported allegations, "bald assertions," and "legal conclusions." *Morse*, 132 F.3d at 906.   When reviewing a Rule 12(b)(6) motion, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint, and matters of public record. *See, e.g., Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

**1.    IBM's complaint fails to state an alter ego theory as to any defendant**

IBM's complaint alleges that *all eight defendants* are alter egos of one another and that this results in liability of all of the defendants under 35 U.S.C. § 271. *See, e.g.,* D.I. No. 1 at ¶¶ 64, 76, 89, 101.   By doing so, IBM seeks to manufacture venue and pursue a single case in Delaware against eight members of the Expedia Group™ corporate family.   However, IBM must adequately allege *facts* to support a facially plausible alter ego theory—something IBM has utterly failed to do.   IBM cannot simply make bald assertions that independent corporate identities are a sham.   IBM's allegations essentially replicate alter ego allegations from a

9

complaint against Expedia Group and Expedia-WA that this Court recently determined failed to state a claim under Rule 12(b)(6). *See T-Jat Sys. 2006 Ltd. v. Expedia, Inc. (DE)*, No. 16-cv-581-RGA-MPT, 2017 WL 896988 at \*4 (D. Del. Mar. 7, 2017) ("*T-Jat I*") (recommending the court grant Rule 12(b)(6) motion to dismiss alter ego theory where plaintiff's allegations failed to "meet the essential element of 'injustice or fundamental unfairness'").

Disregarding the corporate form is a drastic remedy subject to a notoriously difficult burden. *See Pearson*, 247 F.3d at 485 ("Such a burden is notoriously difficult to meet."); *Case Fin., Inc. v Alden*, Civil Action No. 1184-VCP, 2009 WL 2581873, at \*4 (Del. Ch. Aug. 21, 2009) (noting that Delaware courts will only disregard the corporate form in the "exceptional case"). To begin, a parent company is not liable for the actions of its subsidiary solely because of the parent-subsidiary relationship. For example, "mere ownership of a subsidiary does not justify the imposition of liability on the parent, [n]or will liability be imposed on the parent corporation merely because directors of the parent corporation also serve as directors of the subsidiary." *See Pearson v. Component Tech. Corp.*, 247 F.3d 471, 484-486 (3d. Cir. 2001) (internal citations omitted). Abuse of the corporate form, however, will allow courts to employ the "tool of equity" known as veil-piercing, *i.e.*, disregard of the corporate form. *Id.* (citing *Publicker Indus., Inc., v. Roman Ceramics Corp.,* 603 F.2d 1065, 1069 (3d Cir. 1979). Courts have held veil-piercing to be appropriate "when the court must prevent fraud, illegality, or injustice, or when recognition of the corporate entity would defeat public policy or shield someone from liability for a crime," and when "the parent so dominated the subsidiary that it had no separate existence." *Id.* (internal citations omitted).

In Delaware, an alter ego claim requires: (1) an overall element of fraud or similar injustice; and (2) the "traditional" requirement that the corporation and its subsidiaries operate as

a single entity (based on consideration of various "corporate separateness" factors). *Blair v. Infineon Techs. AG*, 720 F. Supp. 2d 462, 470 (D. Del. 2010); *see also Pearson*, 247 F.3d at 484-85. Because IBM's complaint falls far short of alleging either component of a facially plausible alter ego theory, the Court should dismiss IBM's alter ego theory under Rule 12(b)(6).

### a. IBM's complaint does not allege fraud or injustice as to any defendant

IBM's complaint does not include any allegation suggesting fraud, injustice, or inequity would result from *any defendant's* use of the corporate form, much less from *all defendants'* use. This pleading deficiency, alone, warrants dismissal of IBM's alter ego theory. Indeed, IBM's alter ego allegations mirror those this Court recently found insufficient under Rule 12(b)(6) in another pending case involving members of the Expedia Group™ corporate family. *See T-Jat I*, 2017 WL 896988 at *4–5.

### b. IBM's complaint also fails to satisfy the "traditional" alter ego requirement as to any defendant

In addition to the overall element of injustice or unfairness, the Third Circuit considers eight factors when assessing an alter ego claim: "gross undercapitalization, failure to observe corporate formalities, nonpayment of dividends, insolvency of debtor corporation, siphoning of funds from the debtor corporation by the dominant stockholder, nonfunctioning of officers and directors, absence of corporate records, and whether the corporation is merely a facade for the operations of the dominant stockholder." *Pearson*, 247 F.3d at 484-85. A plaintiff must establish through alleging these factors that "in all aspects of the business, the [] corporations actually functioned as a single entity and should be treated as such." *Id.* at 485; *see Blair*, 720 F. Supp. 2d at 470.

IBM's complaint is silent as to nearly every factor used in the Third Circuit to analyze corporate separateness. Rather than plead *factual* allegations that might suggest defendants lack

corporate separateness or in fact operate as a "single entity," IBM's complaint merely recites indicia of typical parent-subsidiary relationships.  Specifically, IBM alleges that:

- Expedia Group and Expedia-WA share the same business headquarters address, principal executive office address, and certain directors and executive officers.  D.I. No. 1 at ¶ 8.

- Expedia-WA is a wholly-owned subsidiary of Expedia Group, is controlled by Expedia Group, and is an agent of Expedia Group.  *Id*. at ¶ 7, 32.

- Expedia Group "dominates, controls, and receives all financial benefits from" Expedia-WA.  *Id*. at ¶ 26-27.

- Expedia Group and Expedia-WA are "identified on promotional material as a single entity, Expedia, Inc."  *Id*. at ¶ 8.  (This allegation fails to acknowledge that two different entities, organized under the laws of different states, were both previously named Expedia, Inc., with the holding company being organized under the laws of Delaware and the subsidiary entity being organized under the laws of Washington.)

- Expedia Group and Expedia-WA operate as a single company during litigation and identify the single entity Expedia, Inc. as both a Delaware corporation and a Washington corporation.  *Id*. at ¶ 9, 32.  (Like the allegation set forth immediately above, this allegation again fails to acknowledge that two different entities, organized under laws of different states, were both previously named Expedia, Inc.)

- All Subsidiary Defendants are subsidiary guarantors for notes of Expedia Group, and the same person (Robert J. Dzielak) signed one of the notes on behalf of each Subsidiary Defendant.  *Id*. at ¶ 23-24.  Mr. Dzielak is the Executive Vice President, General Counsel, and Secretary of all defendants.  *Id*. at ¶ 25.

Aside from its conclusory assertions of control and domination, IBM's allegations merely describe indicia of a typical parent-subsidiary relationship.  Generic allegations regarding a typical parent-subsidiary relationship, such as ownership, shared branding, and overlap in marketing and personnel of related companies, are insufficient to survive a Rule 12(b)(6) motion to dismiss.  *See, e.g., C.R. Bard, Inc. v. Guidant Corp.*, 997 F. Supp. 556, 561 (D. Del. 1998); *Energy Marine*, 2016 WL 284432, at *1, *3-4 (dismissing claims even though defendants "share common branding, logos, and email addresses" and have overlapping personnel, and despite indicia of parent company's operational control over subsidiaries).  Moreover, IBM's bare

assertions of domination and control do nothing more than mouth conclusions of law, do not constitute plausible factual allegations, and should be rejected. *Morse*, 132 F.3d at 906.

Courts routinely dismiss complaints containing allegations nearly identical to IBM's allegations in this case. *See T-Jat I*, 2017 WL 896988 at *4–5 (recommending the court grant motion to dismiss alter ego theory where plaintiff alleged shared personnel, shared office addresses, and alleged references to "Expedia, Inc." as one entity on marketing and promotional materials); *Energy Marine*, 2016 WL 284432, at *3 (granting motion to dismiss where plaintiff only alleged two of eight alter ego factors and failed to demonstrate lack of corporate separateness); *c.f. Compare Pontiaki Special Maritime Enter. v. Taleveras Group*, No. 16-247-LPS, 2016 WL 4497058, at *2-6 (D. Del. Aug. 26, 2016) (finding plaintiff made sufficient factual allegations for *six of eight* alter ego factors, in addition to the element of unfairness or injustice, warranting denial of motion to dismiss).

Because IBM's complaint fails to allege fraud or similar injustice and fails to allege facts that could plausibly support a finding that each and every defendant in this case failed to maintain corporate separateness, the Court should dismiss IBM's alter ego theory under Rule 12(b)(6) as to all defendants.

### 2. IBM's complaint fails to state a claim for direct infringement under § 271(a) against any defendant

#### a. IBM's complaint fails to state a claim for direct infringement against each Subsidiary Defendant

IBM's complaint fails to state a claim for direct infringement against each individual Subsidiary Defendant. Rule 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of this requirement is to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). IBM's complaint fails to provide such notice.

Specifically, IBM's complaint fails to provide adequate notice concerning:  (1) the website(s) for which IBM plausibly alleges each defendant is liable; and (2) and on whose actions such alleged liability is based (*e.g.*, each defendant's own actions and/or the actions of other Expedia Group™ corporate family members).

IBM's complaint begins by identifying which defendant IBM alleges is responsible for providing services through each of the six accused websites.  For example, IBM alleges defendant Expedia Group provides services through www.expedia.com (D.I. No. 1, ¶ 4), defendant Hotels.com LP provides services through www.hotels.com (*id*. at ¶ 12), defendant Hotwire provides services through www.hotwire.com (*id*. at ¶ 14), and defendant Travelscape provides services through www.travelocity.com (*id*. at ¶ 19).

Unlike other defendants in this case, IBM does not allege that Expedia-WA, individually, provides services through any accused website.  *See* D.I. No. 1 at ¶ 7.  However, IBM defines Expedia Group and Expedia-WA, collectively, as "Expedia"[8] and blurs the lines by alleging that "Expedia" provides services through www.expedia.com.  *Id*. at ¶ 8.  Viewing this "combined" allegation in light of IBM's allegation that Expedia Group, *individually*, provides services through www.expedia.com (D.I. No. 1, ¶ 4), the complaint fails to provide adequate notice to Expedia-WA of IBM's direct infringement claims against it, including whether IBM alleges Expedia-WA is liable for direct infringement based on its own provision of services or based on Expedia Group's (or other defendants') provision of services, through www.expedia.com or otherwise.

---

[8]    IBM's allegations concerning the two Orbitz defendants are similarly obfuscated.  *Id*. at ¶¶ 16-18 (alleging that Expedia Group offers the website www.orbitz.com, but that Orbitz Worldwide, Inc. and Orbitz, LLC (collectively defined as "Orbitz") *each individually* provide services through www.orbitz.com).

In the infringement counts of its complaint, IBM further alleges that "Expedia [as defined in complaint ¶ 8 to include both Expedia Group and Expedia-WA] **and the subsidiaries it controls and are its alter-egos have infringed**" based on all six accused websites and their respective mobile applications. *See* D.I. No. 1 at ¶ 64 (emphasis added), 76, 89, 101. IBM's complaint, therefore, begins without identifying any website for which Expedia-WA is allegedly responsible, continues by defining "Expedia" to conflate Expedia Group and Expedia-WA (and "Orbitz" to conflate the two Orbitz defendants) and thereby blur IBM's allegations relating to www.expedia.com (and www.orbitz.com), and then concludes with sweeping counts of infringement alleging that all eight defendants infringe the patents-in-suit based on all six accused websites.

"Lumping together" allegations concerning multiple defendants in this way fails to satisfy the pleading requirements of Rule 8(a). *See, e.g., M2M Sols. LLC v. Telit Commc'ns PLC*, No. 14-cv-1103-RGA, 2015 WL 4640400, at *3 (D. Del. Aug. 5, 2015) (noting that a plaintiff cannot satisfy pleading requirements regarding a direct infringement claim by "lump[ing]" together allegations as to multiple defendants); *see, e.g., Mayne Pharma Int'l PTY Ltd. v. Merck & Co., Inc.*, No. 15-cv-438–LPS–CJB, 2015 WL 7833206 (D. Del. Dec. 3, 2015) (analyzing sufficiency of direct infringement allegations where plaintiff allegedly failed to identify which entity is responsible for the alleged infringing activity by lumping together its allegations against multiple defendants).[9]

---

[9]     *M2M Sols. LLC* and *Mayne Pharma* were decided under now-expired Form 18 of the Federal Rules of Civil Procedure. Because "the *Iqbal/Twombly* standards are more demanding than Form 18," however, "[p]leadings insufficient under Form 18 would also be insufficient under *Twombly* and *Iqbal*." *T-Jat I*, 2017 WL 896988 at n.92 (citing *Princeton Dig. Image Corp. v. Konami Dig. Entm't Inc.*, No. 12-1461-LPS-CJB, 2017 WL 239326, at *5 n.12 (D. Del. Jan. 19, 2017)).

Because IBM's complaint does not plainly identify the website(s) for which IBM alleges each defendant is liable for infringement, or on which defendant's actions such alleged liability is based, IBM's complaint fails to provide sufficient notice of its claims for direct infringement and fails to comply with Rule 8(a)(2). Accordingly, the Court should dismiss IBM's direct infringement allegations against all Subsidiary Defendants under Rule 12(b)(6).

### b. IBM's complaint also fails to state a claim for direct infringement against Expedia Group

Liability for direct infringement requires that an entity makes, uses, offers to sell, sells, or imports a patented invention. 35 U.S.C. § 271. As a holding company, Expedia Group is non-operational. Marron Decl., ¶ 7. As such, there is no set of facts IBM can plausibly allege indicating Expedia Group's liability for direct infringement based on providing websites and mobile applications. The Court should reject IBM's attempt to manufacture venue in Delaware by obfuscating Expedia Group's role within the Expedia Group™ corporate family. *See TriPlay, Inc. v. WhatsApp Inc.*, No. CV 13-1703-LPS-CJB, 2018 WL 1479027, at *3 (D. Del. Mar. 27, 2018) ("The Court is not obligated to accept as true bald assertions, unsupported conclusions and unwarranted inferences, or allegations that are self-evidently false." (internal quotations omitted)).

Expedia Group should not be a defendant in this case. All of the accused websites are owned and operated by Expedia Group's operating subsidiaries. Marron Decl., ¶ 7. Expedia Group, on the other hand, is a holding company that has no operations, facilities, or products. *Id.* Expedia Group has only three employees, all of whom are senior executives: Mark D. Okerstrom (President and CEO), Alan Pickerell (CFO & EVP Operations), and Robert Dzielak (EVP, General Counsel & Secretary). *Id.* Those executives are based in Bellevue, Washington. *Id.* Expedia Group does not own any servers, computer systems, or computer equipment. *Id.* It

does not own or operate the server systems or content associated with any travel websites, including www.expedia.com, www.hotels.com, www.orbitz.com, www.homeaway.com, www.travelocity.com, and www.hotwire.com. *Id.*

Expedia Group thus requests that the Court dismiss IBM's claims against it for direct infringement. Indeed, IBM's direct infringement claims against Expedia Group appear to be based on (1) IBM's alter ego theory, which the Court should dismiss for the reasons set forth in Section III.B.1, and/or (2) IBM's ambiguous and inadequate allegations concerning which entity is responsible for offering and/or providing services through the accused websites and mobile apps (*see* D.I. No. 1, ¶¶ 4, 8). Because IBM's complaint fails to provide adequate notice concerning the basis for, or allege plausible facts to support, IBM's direct infringement claims against Expedia Group, it fails to comply with Rule 8(a)(2) and should be dismissed under Rule 12(b)(6).

### 3. IBM's complaint fails to state a claim for indirect infringement under § 271(b) or § 271(c) against any defendant

In a single sentence under each of its infringement counts, IBM alleges that "Expedia and the subsidiaries it controls and are its alter-egos have infringed, contributed to the infringement of, and/or induced others to infringe" IBM's asserted patents. D.I. No. 1, ¶¶ 64, 76, 89, and 101. IBM's bare references to contributory and induced infringement are insufficient to state a claim for indirect infringement because IBM fails to allege an underlying act of direct infringement to support a claim for indirect infringement, fails to allege each defendant's requisite intent for induced infringement, and fails to plead any facts relating to the elements of a claim for contributory infringement. Accordingly, the Court should dismiss IBM's claims for indirect infringement in their entirety under Rule 12(b)(6).

a. **IBM's complaint fails to allege an underlying act of direct infringement to support its indirect infringement claim against any defendant**

"To state a claim for either induced or contributory infringement, Plaintiff must, *inter alia*, sufficiently allege some underlying act of direct infringement." *Varian Med. Sys., Inc. v. Elekta AB*, No. CV 15-871-LPS, 2016 WL 3748772, at *3 (D. Del. July 12, 2016) (citing *Limelight Networks, Inc. v. Akamai Techs., Inc*., 134 S. Ct. 2111, 2117 & n.3 (2014)), *report and recommendation adopted*, No. CV 15-871-LPS, 2016 WL 9307500 (D. Del. Dec. 22, 2016). Where, like here, a complaint does not allege an underlying act of direct infringement, or "does not adequately allege that any third party actually used the accused device," the complaint has not adequately pleaded indirect infringement. *Id*. at *4.

IBM's failure to plead an underlying act of direct infringement for its indirect infringement claims further highlights the complaint's inadequate claims of direct infringement. For example, while IBM references customer devices in connection with certain elements of the asserted claims, the complaint does not allege that customers of each website directly infringe. Nor does IBM allege that its claims for indirect infringement as to any defendant are based on another defendant's alleged direct infringement. Courts in this district regularly reject arguments that the provision of an allegedly infringing website or software, alone, satisfies the requirement to plead direct infringement by an end-user. *Execware, LLC v. Staples, Inc.*, No. CIV.A. 11-836-LPS, 2012 WL 6138340, at *4 (D. Del. Dec. 10, 2012), *report and recommendation adopted*, Civil Action No. 11-836-LPS, 2013 WL 171906 (D. Del. Jan. 16, 2013); *Pragmatus Telecom, LLC v. Ford Motor Co.*, No. CIV.A. 12-92-RGA, 2012 WL 2700495, at *1 (D. Del. July 5, 2012). Like the plaintiffs in *Execware* and *Pragmatus*, IBM has failed to plead a predicate act of direct infringement to support its kitchen sink approach to infringement theories and thus failed to state a claim for indirect infringement as to any defendant.

18

### b. IBM's complaint fails to allege specific intent to induce infringement as to any defendant

To adequately plead induced infringement, the complaint "must allege facts that support the belief that the defendant had knowledge not only of the existence of the patent-in-suit, but also, that the acts it induced would infringe that patent." *IP Commc'n Sols., LLC v. Viber Media (USA) Inc.*, No. CV 16-134-GMS, 2017 WL 1312942, at *4 (D. Del. Apr. 5, 2017); 35 U.S.C. § 271(b). IBM's complaint fails to allege that any defendant possessed specific intent to induce infringement of any patent, much less that all defendants possessed specific intent to induce infringement of all four asserted patents. *See id.* (dismissing claims of induced infringement because allegations concerning the existence of a website and associated support failed to allege the requisite specific intent). Without alleging a predicate act of direct infringement by another, and without alleging that any defendant had specific intent to encourage infringement of any asserted patent, all of IBM's claims for indirect infringement fail to satisfy Rule 8(a)(2) and should be dismissed under Rule 12(b)(6) as to each defendant. *See E.I. Du Pont*, 2012 WL 4511258, at *7.

### c. IBM's complaint also fails to allege the elements of contributory infringement as to any defendant

IBM's complaint similarly fails to allege the elements of contributory infringement as to any defendant. *See Evolved Wireless, LLC v. Samsung Elecs. Co.*, No. CV 15-545-SLR-SRF, 2016 WL 1019667, at *6 (D. Del. Mar. 15, 2016), *report and recommendation adopted*, No. 15-545-SLR-SRF, 2016 WL 1381765 (D. Del. Apr. 6, 2016); 35 U.S.C. § 271(c). Specifically, IBM does not allege any component of the accused websites or mobile applications constitutes a material part of the invention, that any such component was especially made or especially adapted for use in infringing IBM's patents, that any defendant had knowledge of the same, or that such component is not a staple or article suitable for substantial non-infringing use. 35

U.S.C. § 271(c).  Each such pleading deficiency independently warrants dismissal of IBM's claims of contributory infringement as to all asserted patents and all defendants.

## V.      <u>Conclusion</u>

For all these reasons, the Court should dismiss IBM's claims against Expedia-WA, Hotels.com, and Travelscape under Rule 12(b)(3) for improper venue and IBM's claims against all defendants under Rule 12(b)(6) for failure to state a claim for an alter ego theory, direct infringement, and indirect infringement.


<table>
<tr><td></td><td><i>/s/ Francis DiGiovanni</i></td></tr>
<tr><td></td><td>Francis DiGiovanni (#3189)</td></tr>
<tr><td>Of Counsel:</td><td>Thatcher A. Rahmeier (#5222)</td></tr>
<tr><td></td><td>DRINKER BIDDLE & REATH LLP</td></tr>
<tr><td>David B. Weaver</td><td>222 Delaware Avenue, Suite 1410</td></tr>
<tr><td>Joseph Gray</td><td>Wilmington, DE 19801</td></tr>
<tr><td>Christopher V. Ryan</td><td>(302) 467-4200</td></tr>
<tr><td>BAKER BOTTS L.L.P.</td><td>francis.digiovanni@dbr.com</td></tr>
<tr><td>98 San Jacinto, Suite 1500</td><td>thatcher.rahmeier@dbr.com</td></tr>
<tr><td>Austin, Texas 78701</td><td></td></tr>
<tr><td>(512) 322-2500</td><td><i>Attorneys for Defendants</i></td></tr>
<tr><td>david.weaver@bakerbotts.com</td><td></td></tr>
<tr><td>joseph.gray@bakerbotts.com</td><td></td></tr>
<tr><td>chris.ryan@bakerbotts.com</td><td></td></tr>
</table>

Dated:  May 29, 2018