IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 17-1875-LPS-CJB |
| EXPEDIA, INC., EXPEDIA, INC., HOMEAWAY.COM, INC., HOTELS.COM L.P., HOTWIRE, INC., ORBITZ WORLDWIDE, INC., ORBITZ, LLC, AND TRAVELSCAPE LLC, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

In this patent infringement action filed by Plaintiff International Business Machines Corporation ("IBM" and/or "Plaintiff") against Expedia, Inc. ("Expedia Group"), Expedia, Inc. ("Expedia-WA"), Homeaway.com, Inc., Hotels.com L.P., Hotwire, Inc., Orbitz Worldwide, Inc., Orbitz, LLC, and Travelscape LLC (collectively, "Defendants"), presently before the Court is Defendants' motion to dismiss, filed pursuant to Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6) ("Motion"). (D.I. 31) In this Report and Recommendation, the Court will address a portion of the Motion filed pursuant to Rule 12(b)(6), which relates to whether Plaintiff has sufficiently pleaded facts alleging that Expedia Group infringes the patents-in-suit. For the reasons that follow, the Court recommends that this portion of the Motion be DENIED.

I.  **BACKGROUND**

   A.  **Factual Background**

   Plaintiff IBM is a New York corporation engaged in the business of science and technology. (D.I. 27 at ¶¶ 3, 41) It is the owner of the five patents-in-suit in this case, which

bear on certain Internet-related technologies: United States Patent Nos. 5,796,967, 7,072,849, 5,961,601, 7,631,346 and 6,374,359 (collectively, the "patents-in-suit"). (*Id.* at ¶¶ 2, 47-55)

Defendant Expedia Group is a Delaware corporation that is the parent corporation of Defendants Expedia-WA, Homeaway.com, Inc., Hotels.com L.P., Hotwire, Inc., Orbitz Worldwide, Inc., Orbitz, LLC, and Travelscape LLC. (*Id.* at ¶¶ 4-5) It is alleged that Defendants offer travel and reservation services through their respective websites and mobile applications. (*Id.* at ¶¶ 8, 10-20)[1]

### B. Procedural Background

Plaintiff filed the initial Complaint in this case on December 29, 2017. (D.I. 1) After Defendants filed certain motions to dismiss the Complaint, (D.I. 20; D.I. 23), Plaintiff then filed the operative Amended Complaint on July 12, 2018, (D.I. 27). As is discussed in more detail below, the Amended Complaint alleges, *inter alia*, that Expedia Group infringes the five patents-in-suit through its control of the technological platforms used in the other Defendants' websites and mobile applications, which in turn provide travel and reservation services to users. (*Id.* at ¶ 68, 90, 113, 135, 158)

Defendants filed the instant Motion on August 27, 2018, (D.I. 31), which has been referred to the Court for resolution by Chief Judge Leonard P. Stark, (D.I. 5). Briefing on the Motion was completed on October 9, 2018. (D.I. 46) The Court heard argument on the Motion (and on another pending motion to dismiss) on March 29, 2019. (D.I. 101)

## II. LEGAL STANDARD

---

[1] Additional allegations relevant to Expedia Group will be discussed in Section III of this Report and Recommendation.

## A. Rule 12(b)(6) Pleading Standard

The sufficiency of pleadings for non-fraud cases is governed by Federal Rule of Civil Procedure 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). When presented with a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the court separates the factual and legal elements of a claim, accepting "all of the complaint's well-pleaded facts as true, but [disregarding] any legal conclusions." *Id.* at 210-11. Second, the court determines "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). In assessing the plausibility of a claim, the court must "'construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Fowler*, 578 F.3d at 210 (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)).[2]

---

[2] In resolving a motion to dismiss pursuant to Rule 12(b)(6), a court may consider not only the allegations in the complaint, but also, *inter alia*, exhibits attached to the complaint, documents integral to or explicitly relied upon in the complaint, and matters of public record. *See, e.g.*, *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997); *Quest Integrity USA, LLC v. Clean Harbors Indus. Servs., Inc.*, Civ. No. 14-1482-SLR, Civ. No. 14-1483-SLR, 2015 WL 4477700, at *2 (D. Del. July 22, 2015).

## B. Pleading Allegations of Direct Patent Infringement

Direct infringement of a patent claim occurs when a party, without authority, "makes, uses, offers to sell or sells" a patented invention within the United States. 35 U.S.C. § 271(a). In order to plead a cause of action for direct infringement of method claims (at issue here), a complaint must allege that the accused infringer performed all of the steps of the claimed method, either personally or through another acting under his direction or control. *Kyowa Kakka Bio, Co., Ltd. v. Ajinomoto Co., Inc.*, CIVIL ACTION NO. 17-313, 2018 WL 834583, at *3 (D. Del. Feb. 12, 2018); *Courtesy Prods., L.L.C. v. Hamilton Beach Brands, Inc.*, 73 F. Supp. 3d 435, 439 (D. Del. 2014) (citing *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 692 F.3d 1301, 1307 (Fed. Cir. 2012)). "In other words, '[d]irect infringement requires a single party to perform every step of a claimed method.'" *Kyowa Kakka Bio*, 2018 WL 834583, at *3 (quoting *Forest Labs. Holdings Ltd. v. Mylan, Inc.*, 206 F. Supp. 3d 957, 973 (D. Del. 2016)).

## III. DISCUSSION

In the portion of the Motion that is at issue here, Expedia Group asserts that Plaintiff's claims against it for direct patent infringement should be dismissed because the "Amended Complaint fails to allege plausible facts to support a claim for infringement" against it, since Expedia Group is a "(non-operating) holding company . . . with no operations, facilities, or products." (D.I. 32 at 2; *see also id.* at 15-16 ("[T]here is no set of facts IBM can plausibly allege indicating Expedia Group's liability for direct infringement based on providing websites and mobile applications.")) Expedia Group claims instead that "[e]ach of the accused websites is owned and operated by one of Expedia Group's operating subsidiaries, including other named [D]efendants"; thus, because Expedia Group could not have committed the accused acts of direct

4

infringement, all claims against it should be dismissed. (*Id.* at 2; *see also id.* at 15-17; D.I. 46 at 8-10)

Plaintiff counters that it has successfully alleged that Expedia Group infringes the patents-in-suit in "three separate ways": (1) that it has "sufficiently alleged that Expedia Group directly infringes the patents-in-suit by offering online travel services through its travel brands' websites and mobile applications"; (2) that it has "sufficiently alleged that Expedia Group infringes through its [s]ubsidiaries, which act as its agents"; and (3) that it has "sufficiently alleged that Expedia Group infringes through its [s]ubsidiaries, which are its alter-egos." (D.I. 40 at 5)

The Court need not address theories two and three. For the following reasons, Plaintiff has pleaded sufficient facts to plausibly allege Expedia Group's infringement based upon theory number one. That is, Plaintiff has plausibly alleged that Expedia Group uses the patented inventions by itself performing all of the steps of the claimed methods (or directing and controlling others who do so).

For example, in making its allegations of infringement,[3] Plaintiff cites to Expedia Group's 2016 Form 10-K filed with the United States Securities and Exchange Commission ("Form 10-K").[4] In that document, Expedia Group writes:

> *We operate several technology platforms that support our brands.*
> The Brand Expedia technology platform supports our full-service and multi-product brands, including Brand Expedia, Orbitz, Travelocity . . . as well as certain parts of the Hotwire brand. The

---

[3] Below the Court cites to Plaintiff's allegations of infringement regarding U.S. Patent No. 5,796,967, but the allegations regarding Expedia Group's infringement of the other four patents are similar. (D.I. 27)

[4] The Form 10-K is attached as Exhibit B to the Amended Complaint. (D.I. 27, ex. B)

5

> Hotels.com technology platform supports [our] hotel-only offering, including Hotels.com Worldwide[.] In addition, we operate . . . Home Away, our vacation rentals platform . . . .

(D.I. 27, ex. B at 8 (cited in D.I. 27 at ¶ 68 (emphasis added))) Plaintiff then pleads that "[t]hrough [Expedia Group's] control of the technological platforms used in the other Defendants' websites and mobile applications, [Expedia Group] directs, controls, and causes the infringement of the [patents-in-suit]." (D.I. 27 at ¶ 68) And the Amended Complaint goes on to explain how the websites and mobile applications in question, which Expedia Group is said to operate, infringe certain claims of the patents-in-suit. (*Id.* at ¶¶ 69-80; *see also id.* at ¶ 22)[5]

Additionally, Plaintiff attached as an exhibit to the Amended Complaint an Answer filed by Expedia Group in 2012 in a patent litigation matter before the United States District Court for the Eastern District of Texas. In that document, Expedia Group wrote that it "admits that *it offers* web sites located at http://expedia.com . . . http://www.hotwire.com . . . [and] http://www.hotels.com[.]" (*Id.*, ex. E at 2 (emphasis added)) These are three of the accused websites at issue in the Amended Complaint. (D.I. 27 at ¶¶ 69, 73, 75) Thus, this document provides additional factual support for the proposition that Expedia Group itself operates or controls the accused technology platforms.[6]

---

[5] Expedia Group does not assert in their Motion that the Amended Complaint insufficiently alleges how the use of the respective websites or mobile applications reads on the identified claims of the patents-in-suit. Instead, its quarrel is with the asserted lack of plausible facts suggesting that *Expedia Group itself* is responsible for this alleged infringement.

[6] So too do other portions of the Form 10-K. That document additionally states that "all of our brands share and benefit from our corporate technology infrastructure, including customer support, data centers and transaction processing capabilities." (D.I. 27, ex. B at 8) And it asserts that "[o]ur systems infrastructure and web and database servers are housed in various locations[,]" and "[s]ignificant amounts of our owned computer hardware for operating the websites are located at these facilities." (*Id.*)

Expedia Group proffers three primary reasons as to why these allegations are insufficient. None are ultimately persuasive.

First, Expedia Group cites to the declaration of an Expedia Group Senior Vice President, which was provided along with Defendants' opening brief. (D.I. 33 (*cited in* D.I. 32 at 15-16)) The declaration states that Expedia Group: (1) is merely a holding company that has no operations or products; (2) employs only three people; and (3) does not own or operate any of the server systems associated with the other Defendants' accused websites or mobile applications (and that, instead, those websites and mobile applications are operated by the respective Expedia Group subsidiaries). (*Id.* at ¶ 7) Yet as Plaintiff rightly counters, (D.I. 40 at 7), the Court is not permitted to take this declaration into account in resolving the instant Rule 12(b)(6) Motion. Instead, the Court may only consider "the allegations contained in the complaint, exhibits attached to the complaint, and matters of public record." (D.I. 32 at 10 (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)) Expedia Group's declaration is none of these things.

Second, Expedia Group argues that Plaintiff's allegations are suspect because in the Amended Complaint, Plaintiff pleads "in the alternative"—that is, that Plaintiff "alleges, in the alternative, that *either* Expedia Group *or* its [Defendant] subsidiaries provide travel reservation and related services directly through the accused websites." (D.I. 32 at 17 (emphasis in original)) And Expedia Group is correct; in the Amended Complaint, Plaintiff does plead in the alternative in this way. (D.I. 27 at ¶¶ 8, 10-20) But as Plaintiff notes, (D.I. 40 at 6), Rule 8 specifically allows a plaintiff to allege "[two] or more statements of a claim . . . alternatively, either in a single count . . . or in separate ones" and states that if "a party makes alternative

7

statements, the pleading is sufficient if any one of them is sufficient." Fed. R. Civ. P. 8(d)(2); *see also Deston Therapeutics LLC v. Trigen Labs. Inc.*, 723 F. Supp. 2d 665, 673 (D. Del. 2010). So the fact that Plaintiff took this path here is not a problem.

And third, Expedia Group argues that the Court should discount the statements from the Form 10-K referenced above, because in that document, Expedia Group noted that it would refer to "[Expedia Group] and its subsidiaries collectively as 'Expedia,' the 'Company,' 'us,' 'we,' and 'our[.]'" (D.I. 27, ex. B at 1; *see also* D.I. 46 at 9) In other words, Expedia Group seems to be arguing that when the Form 10-K says things like "*[w]e* operate several technology platforms that support *our* brands[,]" (D.I. 27, ex. B at 8 (emphasis added)), that is just loose language—that the "we" and "our" being referenced is not *really* meant to include Expedia Group, but instead is actually a reference only to its respective subsidiaries. But that is not at all clear from the Form 10-K's language. After all, the Form 10-K itself notes that Expedia Group is one of the entities that is meant to be included when the document uses "we" and "our." And the Form 10-K was filed by Expedia Group itself. If Expedia Group includes itself among a group of entities that it says operates or controls certain websites or mobile applications, then that amounts to some evidence that Expedia Group in fact operates or controls those platforms.

## IV. CONCLUSION

For the foregoing reasons, the Court recommends that Defendants' Rule 12(b)(6) Motion be DENIED as it relates to Plaintiff's claims of direct patent infringement against Expedia Group.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R.

Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the district court. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006).

The parties are directed to the Court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the District Court's website, located at http://www.ded.uscourts.gov.

Dated: April 11, 2019

Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE