IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>EXPEDIA, INC., EXPEDIA, INC., HOMEAWAY.COM, INC., HOTELS.COM L.P., HOTWIRE, INC., ORBITZ WORLDWIDE, INC., ORBITZ, LLC, AND TRAVELSCAPE LLC,<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)　C.A. No.  17-1875-LPS-CJB<br>)<br>)　**JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### IBM'S OPPOSITION TO DEFENDANTS' EMERGENCY MOTION FOR EXTENSION OF DUE DATE AND PAGE LIMITS FOR CLAIM CONSTRUCTION BRIEFING

IBM submits this opposition to Defendants' motion to expand the number of pages for claim construction briefing.  D.I. 113.  Below, IBM provides an alternative proposal that would better address the number of claim terms in dispute.  It is based on a recent order from this Court, Exhibit 4, and would require the parties to focus on the most important claim construction issues by choosing a reasonable number of claim terms to brief and argue.

**1. Opening Brief Deadline.**  Defendants' motion comes, literally, on the eve of claim construction.  The parties' initial claim construction briefs are currently due tomorrow, May 17, 2019.  D.I. 60 ¶ 13.  Defendants have no explanation for the timing of their last-minute request.[1]

---

[1] Defendants point to IBM's means-plus-function claims as a purported reason for their late request, D.I. 113 at 3, but those claims are beside the point.  Defendants have known that those claims were at issue for **7 weeks**, since March 29, 2019.  Exhibit 3.  They first proposed constructions for those terms on April 3, 2019.  Defendants cannot blame IBM's assertion of just **four** additional means-plus-function claims **seven weeks ago** for their last-minute request for 15 additional pages.  Nor can Defendants blame IBM for having to respond to Defendants' dubious contentions that all but one of those means-plus-function claims are indefinite.

And IBM was and still is prepared to serve a 20-page brief tomorrow.  Nevertheless, IBM does not oppose Defendants' request for an extension of the deadline for initial claim construction briefs from May 17, 2019 to May 22, 2019.  Now that Defendants have asked for relief that would dramatically change page limits, IBM agrees that the parties will need time to adapt to any order the Court may issue.

**2. Proposed Page Limit Extension.**  Defendants created this problem by waiting until the last minute to ask for 15 more pages.[2]  Defendants here have long known the number of claim terms at issue because ***they put most of them at issue***.  Six weeks ago, on April 3, 2019, Defendants proposed **68 claim terms** for construction.[3]  Exhibit 1.  On April 17, 2019, after the meet and confer process, the parties submitted a Joint Claim Construction Chart, which identified 40 claim terms in dispute.  D.I. 107.  Among other things, Defendants took the position that nine claim terms were indefinite.  *Id.*  Since that time, the parties have made minor edits to the Joint Claim Construction Chart, but **39 claim terms** remain in dispute and Defendants still argue that **7 claim terms** are indefinite.

Defendants' proposed relief would burden the Court with nearly twice as much briefing as permitted under the Local Rules.  It would also require IBM—who for weeks has been drafting a 20-page brief—to redraft its arguments at the last minute to accommodate Defendants' preference.  The Court should deny Defendants' request for additional pages.

---

[2] Defendants note that the Court extended page limits to 30 pages for initial claim construction briefs in the *Priceline* litigation.  D.I. 113 at 2.  But IBM and Priceline ***agreed*** to that page-limit extension at the time the parties filed a joint claim construction chart in that case, well before initial claim construction briefs were due.  *IBM v. Priceline Grp. Inc. et al.*, 15-cv-137-LPS, D.I. 136.

[3] Defendants complain that IBM has identified four claim terms that the Court has previously construed.  D.I. 113 at 1.  Defendants fail to mention that they are arguing against the Court's prior constructions for at least five claim terms.

**3. Defendants' Alternative Suggestion.** Defendants' alternative "process," suggested in passing, that IBM unilaterally be required to narrow claims should also be rejected. D.I. 113 at 3. As an initial matter, Defendants blindsided IBM with their proposal to narrow claims via email yesterday, without warning, without a meet and confer, and without going through the Court's discovery dispute procedure. Defendants' proposal should be rejected for that reason alone.

Defendants' proposal should be rejected for many additional reasons. **First**, Defendant's proposal will not even solve the supposed problem. The majority of the claim terms at issue concern independent claims that will likely remain in the case regardless of whether IBM narrows the asserted claims. **Second**, the timing makes no sense. Defendants do not explain how IBM could reasonably narrow the asserted claims before briefs are due. Deadlines for narrowing contentions are typically incorporated in the Scheduling Order and occur after the case has fully developed so that parties have many months, if not years, to plan ahead. **Third**, it is prejudicial. IBM cannot effectively narrow claims "in the dark," before claim construction and before Defendants amend their invalidity contentions to add new references—as they have told IBM they will attempt to do. Exhibits 2-3. **Fourth**, it is inequitable. IBM should not be required to narrow its infringement contentions while Defendants are planning to expand their invalidity contentions.

**Finally**, Defendants' proposal to narrow claims would reward Defendants' lack of diligence. Of course "Defendants are amendable to a process whereby the number of asserted claims would be reduced." D.I. 113 at 3. That would give Defendants a huge strategic advantage. Defendants should not be able to secure a significant and unilateral narrowing of IBM's infringement contentions for the rest of the case because they were unwilling to plan ahead and focus on the key issues for claim construction. The Court should not entertain Defendants' alternative suggestion.

**4. IBM's Counter Proposal.**  Instead, of increasing the burden on all involved, IBM proposes that the parties focus their briefs on the key claim construction issues.  Thus, IBM proposes that the Court issue the attached order, which would require each side to pick up to five claim terms, simultaneously exchange those terms, and brief only those "Exchanged Terms."  The rest of the disputed terms would be decided only if necessary.  *See* Proposed Order.

IBM's proposed order is modeled on a recent order from this Court.  Exhibit 4.  The Court has issued similar orders in the past.  Exhibit 5.  It would force the parties to think carefully about the issues in dispute and would result in more focused briefing, more focused oral argument, and a claim construction order that is narrowly tailored to the issues that need to be resolved.  IBM's proposal would address Defendants' professed concerns about the number of claim terms in dispute.  There is no need to brief dozens of terms or, for example, to argue about indefiniteness for seven claim terms.  As Defendants themselves admit "[t]he construction of all of these terms would tax the Court's resources."  D.I. 113 at 3.  But their proposal, nearly doubling the amount of briefing at the last minute, or unilaterally requiring IBM to narrow its contentions at some vague point in the future, would not address the problem and would be prejudicial, for the reasons discussed above.  Only IBM's proposal would both narrow the number of terms at issue and put both parties on equal footing.

For all the reasons above, the Court should deny Defendants' proposals and grant IBM's proposal.

|  |  |
|---|---|
| OF COUNSEL:<br><br>John M. Desmarais<br>Karim Z. Oussayef<br>Laurie N. Stempler<br>Robert C. Harrits<br>Brian D. Matty<br>Michael Matulewicz-Crowley<br>Alexandra E. Kochian<br>Jun Tong<br>DESMARAIS LLP<br>230 Park Avenue<br>New York, NY 10169<br>Tel: (212) 351-3400<br><br>Dated: May 16, 2019 | */s/ Kelly E. Farnan*<br>Kelly E. Farnan (#4395)<br>Sara M. Metzler (#6509)<br>RICHARDS LAYTON & FINGER<br>One Rodney Square<br>920 North King Street<br>Wilmington, Delaware 19801<br>302-651-7700<br>farnan@rlf.com<br>Metzler@rlf.com<br><br>*Attorneys for Plaintiff International Business Machines Corporation* |

5