

Kelly E. Farnan
302-651-7705
Farnan@rlf.com

June 21, 2019

**VIA CM/ECF AND HAND DELIVERY**
The Honorable Christopher J. Burke
U.S. District Court for the District of Delaware
844 N. King Street
Wilmington, DE  19801

    Re: *International Business Machines Corporation v. Expedia, Inc., et al.*,
       C.A. No. 17-1875-LPS-CJB (D. Del.)

Dear Judge Burke:

  IBM submits this letter pursuant to the Court's May 23, 2019 Oral Order for each side to submit a letter that ranks each of the terms discussed in the opening claim construction briefs in numbered order, with regard to each term's importance to that side.

**Group 1**: Terms From The New '359 Patent (Excluding Means-Plus-Function Terms)

  The claim terms in **Group 1** are the most important to IBM because the '359 Patent has not been previously construed.  As Defendants recognize in their opening claim construction brief, "IBM and Defendants have very different interpretations of the '359 Patent."  D.I. 120 at 23.  The construction of the terms of the '359 Patent will help the parties determine the scope of the claims and clarify the issues in dispute.  Of the terms in Group 1, the first term, "returning the cookie . . ." is the most important to IBM because Defendants' construction would add several limitations that do not appear in the text of the claim language.

1. **"returning the cookie to the Web browser in a refresh page the redirects HTTP flow back to itself with a given parameter"** ('359 Patent, independent claims 10 and 17)
2. **"refresh object"** ('359 Patent, independent claim 1)
3. **"refresh page"** ('359 Patent, independent claims 10 and 17)
4. **"redirects/redirecting [x]"** ('359 Patent, independent claims 1, 10, and 17)

**Group 2**: Terms That Were Not Previously Construed

  The claim terms in **Group 2** are important to IBM because they have not been previously construed.  The first six terms, **Group 2a**, are central to Defendants' "printed matter" argument, one of the issues that the parties addressed at length.  D.I. 120 at 1, 6-7, 8-11; D.I. 125 at 4-9, 10-15, 16-17.  Within Group 2a, IBM has ordered the terms to begin with the terms that most frequently appear in the claims.  The last claim term in Group 2a, "[the] additional information," does not appear in the asserted patents but also relates to Defendants' printed matter doctrine.  D.I. 120 at 1; D.I. 125 at 16-17.  The terms in **Group 2b** are also important but do not concern the "printed matter" doctrine.  IBM begins with the term "characterization(s)" because it relates to the '849 Patent and therefore logically follows the other terms of the '849 Patent.

The Honorable Christopher J. Burke
June 21, 2019
Page 2

**Group 2a:**

5. **"advertising object(s)"** ('849 Patent, independent claims 1 and 13)

6. **"advertising data"** ('849 Patent, independent claims 1, 8, 14 and 21)

7. **"structuring advertising separately from the applications so that the advertising may be selectively supplied, through the network, to and retrieved at the reception systems for presentation"** ('849 Patent, independent claim 21)

8. **"structuring advertising so that it may be selectively supplied to and retrieved at the reception systems for presentation"** ('849 Patent, independent claim 8)

9. **"advertising object identification(s)"** ('849 Patent, dependent claims 3 and 16)

10. **"[the] additional information"** ('209 Patent, independent claim 1)

**Group 2b:**

11. **"characterization(s)"** ('849 Patent, independent claims 8 and 21)

12. **"services"** ('601 Patent, independent claims 1, 14, 27, 40, 51, and 60)

13. **"filter logic for filtering one of said hyperlinks and data output from said services according to a predetermined criteria"** ('601 Patent, dependent claim 35)

14. **"integration [logic/means] for adding one of said hyperlinks and data to said output from said services according to a predetermined criteria"** ('601 Patent, dependent claims 36 and 46)

<u>**Group 3:**</u> Terms From The New '359 Patent (Means-Plus-Function Terms)

The claim terms in **Group 3** are significantly less important than the other claim terms of the '359 Patent because each of them concerns just one claim element of one claim. Moreover, all of the disputed means-plus-function terms concern claims 17, 18, and 20, meaning that the Court and the parties would have to address twelve terms to resolve the meaning of just three asserted claims. Finally, many of the claims involve competing expert testimony about whether the claims are indefinite, and oral argument will not resolve the factual disputes about whether someone of skill in the art would understand the scope of the claims.

15. **"means for constructing a cookie"** ('359 Patent, independent claim 17)

16. **"means for returning the cookie . . ."** ('359 Patent, independent claim 17)

17. **"means for determining if the cookie is valid"** ('359 Patent, independent claim 17)

18. **"means responsive to the determining means for enabling the user to interact with the given application if the cookie is valid"** ('359 Patent, independent claim 17)

19. **"means for concatenating . . ."** ('359 Patent, dependent claim 18)

20. **"means for encrypting . . ."** ('359 Patent, dependent claim 18)

21. **"means for encoding . . ."** ('359 Patent, dependent claim 18)

22. **"means for decoding . . ."** ('359 Patent, dependent claim 20)

The Honorable Christopher J. Burke
June 21, 2019
Page 3

23. **"means for decrypting . . ."** ('359 Patent, dependent claim 20)

24. **"means for determining whether the destination address . . . matches . . ."** ('359 Patent, dependent claim 20)

25. **"means . . . for determining whether the user name and password . . . match . . ."** ('359 Patent, dependent claim 20)

26. **"means responsive to match of the user name and password for enabling the user to interact with the application"** ('359 Patent, dependent claim 20)

<u>Group 4</u>: Terms That Have Already Been Construed

The claim terms from Group 4 have already been construed and the parties can look to the previous claim construction opinions in the *Priceline* and *Groupon* cases to understand the Court's reasoning. Therefore, additional argument on these terms will have diminishing returns. IBM submits that the parties should use their limited time to present arguments on new claim construction issues, not rehash issues that have already been decided.

27. **"the objects being retrieved . . ."** ('967 Patent, independent claim 1) (construed in *Priceline*, D.I. 234 at 9-10) (interpreted in *Priceline*, D.I. 523 at 18-19)

28. **"command function(s)"** ('967 Patent, independent claim 1) (adopted in *Priceline*, D.I. 160, Ex. A at 9; *Groupon*, D.I. 52, Ex. A at 11) (construed by the PTAB in *Expedia, Inc. et. al v. Int'l Bus. Machines Corp.*, Case No. IPR2018-01136, Paper 7, at 16 (PTAB Dec. 3, 2018))

29. **"all continuations in an output from said service"** ('601 Patent, independent claims 14, 27, 40, 51, and 60) (construed in *Groupon*, D.I. 120 at 10-11)

30. **"communication [logic/means] for communicating the output to the client"** ('601 Patent, independent claims 27 and 40) (construed in *Priceline*, D.I. 234 at 30)

31. **"structuring advertising in a manner compatible to that of the applications so that it may be presented"** ('849 Patent, independent claim 1) (construed in *Priceline*, D.I. 234 at 22-23)

32. **"[dynamically downloading computer program code to] the client to perform said step of embedding . . ."** ('601 Patent, dependent claims 4, 17, 54, and 63) (construed in *Priceline*, D.I. 234 at 33-34) (interpreted consistent with the Court's prior construction by Defendants and their expert at the PTAB (*see* D.I. 134 at 16; D.I. 138-4 at 34))

33. **"data object(s)" / "object(s)"** ('967 Patent, independent claim 1; '849 Patent, independent claims 1, 13, and 14) (construed in *Priceline*, D.I. 234 at 5-6, 18; *Groupon*, D.I. 120 at 8-9)

34. **"continuation(s)"** ('601 Patent, independent claims 1, 14, 27, 40, 51, and 60) (construed in *Priceline*, D.I. 234 at 25-26; *Groupon*, D.I. 120 at 10)

35. **"selectively storing . . ."** ('849 Patent, independent claims 1, 13, and 14) (construed in *Priceline*, D.I. 234 at 19-21; *Groupon*, D.I. 120 at 9)

      Respectfully,

      */s/ Kelly E. Farnan*

      Kelly Farnan

cc:    Clerk of the Court (via hand delivery)
       Counsel of Record (via electronic mail)