

Kelly E. Farnan
302-651-7705
Farnan@rlf.com

August 6, 2019

**VIA ELECTRONIC-FILING**
The Honorable Christopher J. Burke
U.S. District Court for the District of Delaware
844 N. King Street
Wilmington, DE  19801

> Re:   *International Business Machines Corporation v. Expedia, Inc., et al.*,
>         C.A. No. 17-1875-LPS-CJB (D. Del.)

Dear Judge Burke:

Pursuant to the Court's July 24, 2019 Oral Order (D.I. 161), Plaintiff International Business Machines Corporation ("IBM") and Defendant Expedia, Inc. ("Expedia-WA") have met and conferred regarding venue discovery.  The parties agree to the timing of venue discovery but disagree as to its scope, as set forth below.  The parties also agree as to the appropriate procedure and timing for providing an update to the Court following venue discovery.

IBM and Expedia-WA agree to conduct document, written, and deposition discovery relating to venue according to the below schedule, pursuant to the Court's July 24, 2019 Report and Recommendation (D.I. 160).[1]

| Deadline | Action |
|---|---|
| No more than 2 days after the Court issues an order resolving the parties' disputes regarding the scope of venue discovery | - IBM to serve one venue interrogatory, one venue 30(b)(6) deposition notice, and requests for venue document production on Expedia-WA.<br><br>- All such discovery shall comport with the Court's resolution of the disputed issues outlined below. |
| No more than 30 days after IBM serves venue discovery requests | - Expedia-WA to serve objections and responses to IBM's venue requests for document production.<br><br>- Expedia-WA to produce non-privileged documents in its possession, custody, or control that are responsive to IBM's venue requests for production, subject to its objections.<br><br>- Expedia-WA to provide its objections and response to IBM's venue interrogatory.<br><br>- Expedia-WA to provide objections and responses to IBM's venue 30(b)(6) deposition notice. |

---

[1]    Expedia-WA's agreements and proposals set forth herein are made subject to resolution of Expedia-WA's forthcoming objections to the Report and Recommendation (D.I. 160).

The Honorable Christopher J. Burke
August 6, 2019
Page 2

| No more than 14 days after Expedia-WA responds to IBM's venue discovery requests | - Close of venue discovery.<br><br>- Deposition of Michael Marron completed.<br><br>- Deposition of appropriate representative of Great Escapes, Inc. completed.<br><br>- Deposition of Expedia-WA pursuant to Rule 30(b)(6) completed. |
|---|---|
| No more than 2 days after the close of venue discovery | - IBM and Expedia-WA to meet and confer regarding supplemental briefing on Expedia-WA's Rule 12(b)(3) motion to dismiss for improper venue. |
| No more than 2 days after IBM and Expedia-WA meet and confer | - IBM and Expedia-WA to provide joint letter updating the Court on the status of venue discovery and provide the parties' proposal for supplemental briefing on Expedia-WA's Rule 12(b)(3) motion to dismiss for improper venue. |

The Honorable Christopher J. Burke
August 6, 2019
Page 3

### **IBM's Proposal and Argument**

Venue discovery should be governed by the schedule above and IBM's document requests, 30(b)(6) deposition notice, and interrogatory, attached as Exs. 1-3.  IBM should also be permitted to pursue discovery from Expedia-WA subsidiaries or related entities to the extent such discovery is needed in view of Expedia-WA's assertion below that relevant documents and information are held by one or more of those subsidiaries or related entities.

Venue discovery should not count against the limits in the Court's Scheduling Order, including the limits on IBM's deposition time and interrogatories.  (*See* D.I. 60 ¶¶ 8(d) and 8(e)).  Those limits were set by the Court for fact discovery, including investigating how defendants' products operate.  Particularly for Expedia-WA, whose backend platform powers the products of numerous other defendants, IBM's venue discovery time should not be used to limit IBM's fact discovery into Expedia-WA's platform.

IBM's requests are within the scope of venue discovery outlined in the Court's Report and Recommendation (D.I. 160).  Expedia-WA does not object to the forms of discovery (*i.e.*, documents, depositions, and interrogatories), but rather objects to scope.  Expedia-WA's specific objections to IBM's individual requests—which were provided to IBM for the first time this afternoon[2]—take an overly narrow view of the Court's order.  Expedia-WA pushes for discovery to be cabined by five topics that would eliminate relevant issues acknowledged by the Court's order.  For example, the Court recognized that broader issues, including "how those working for *CII* do the business of Expedia-WA in *Canada*" and whether "in the United States, Expedia-WA may be doing the same thing with regard to the agents of CSCI (including at the Great Escapes office in Bear, Delaware)," are relevant to the question of whether the Bear, DE franchise is a place of Expedia-WA.  (D.I. 160 at 20 (emphasis in original).)  Moreover, Expedia-WA's assertion below that IBM's requests "impose undue burden and expense on Expedia-WA" ring hollow in view of Expedia-WA's claim that IBM's requests "seek information that is likely to be largely, if not exclusively, in the possession, custody, or control of third parties," and not Expedia-WA.  As explained below, each of IBM's discovery requests is relevant to the key issue of whether the Bear, DE location is a place of Expedia-WA.  (*See* D.I. 160 at 15.)

Each of IBM's requests for production ("RFP") and 30(b)(6) deposition topics ("Topic"), set forth in Exs. 1 and 2, is within the scope of the Court's order.  RFP Nos. 1-5 and 9-13 and Topic Nos. 1-4, 6, 7, and 9-11 relate to whether Expedia-WA "exercises other attributes of possession or control over the place" of its cruise companies, including the Bear, DE franchise, and whether those cruise companies work "as part of 'one team' with Expedia-WA employees." (D.I. 160 at 16, 19.)  RFP No. 4 and Topic No. 4 relate to whether the cruise companies are "using Expedia-WA's technology" to service customers.  (*Id.* at 19.)  RFP Nos. 2, 5, and 11 and Topic Nos. 1 and 6 relate to "whether the defendant owns or leases the place" and "the nature and activity of the alleged place of business of the defendant in the district in comparison with

---

[2] While Expedia-WA claims below it has not yet had an opportunity to consider IBM's requests in detail, IBM first provided its discovery requests to Expedia-WA on July 31.  IBM then provided updated discovery requests to Expedia-WA on August 5, which Expedia-WA's counsel characterized in correspondence as "substantively similar in scope to its previous requests."  Thus, Expedia has had ample time to review and consider the scope of IBM's discovery requests.

The Honorable Christopher J. Burke
August 6, 2019
Page 4

that of other places of business of the defendant in other venues."  (*Id.* at 16.)  RFP No. 6 and
Topic No. 8 relate to "whether the defendant conditioned employment on an employee's
continued residence in the district."  (*Id.* at 16.)  RFP No. 7 and Topic No. 5 relate to "whether
the defendant holds out a place for its business" and the use of marks licensed by Expedia-WA
and the cruise companies.  (*Id.* at 16, 21.)  RFP Nos. 8 and 9 and Topic No. 1 relate to whether
the cruise companies' business is "for the financial benefit of, inter *alia,* Expedia-WA."  (*Id.* at
19-20.)  RFP Nos. 10, 12, and 13 and Topic Nos. 7, 9, and 10 relate to how the cruise companies
are "servicing Expedia-WA's customers."  (*Id.* at 19.)  RFP Nos. 14 and 15 relate to IBM's
Notice of Authority (D.I. 97) and the declaration of Michael Marron (D.I. 33), which are cited
for relevant facts and allegations throughout the Court's analysis.  (D.I. 160 at 16-22.)  Topic No.
11 relates to Expedia-WA's forthcoming production of relevant documents relating to venue.

        IBM's single interrogatory, set forth in Ex. 3, is also within the scope of the Court's
order.  The interrogatory requests details of how Expedia-WA conducts business with its cruise
companies.  In particular, the interrogatory requests a description of Expedia-WA's control and
direction over its cruise companies, including a number of the relevant issues encompassed by
IBM's RFPs and Topics described in the preceding paragraph.

The Honorable Christopher J. Burke
August 6, 2019
Page 5

## Expedia-WA's Proposal and Argument

In its Report and Recommendation ("Report"), the Court found "that jurisdictional discovery is warranted on the question of **whether the Bear, Delaware location is a place of business of Expedia-WA.**"  D.I. 160 at 22 (emphasis added); *see also id.* at 16 (setting "out the facts of record *with regard to this Bear, Delaware location*" and "analyz[ing] whether Plaintiff has made a sufficient showing to obtain venue discovery *with regard to this issue*").  Venue discovery should be narrowly focused on the Bear location venue theory addressed in the Report and, specifically, the issues discussed at pages 18-22.

### 1.   Venue Discovery Must Have a Nexus to Bear, Delaware

The parties' overarching dispute is whether venue discovery must have a nexus to the Bear location (Expedia-WA's position), or whether the Report opens the door for IBM to conduct a venue fishing expedition (IBM's position).  The issue before the Court is not, as IBM contends, the detailed interactions and operations of Expedia-WA and all of its "cruise companies."  The Bear location is a CSCI franchisee, and the question is whether Expedia-WA's business is being conducted through ***that*** CSCI franchisee location.

IBM's proposed venue discovery expressly seeks substantial information unrelated to the Bear location.  For example, IBM seeks "all documents" and information concerning the relationships between and operations of Expedia-WA and what IBM defines as "cruise companies" (*i.e.*, CII, CSCI, CSCH, and/or Great Escapes), even if such information is irrelevant to the Bear location.[3]  *See* Ex. 1 (Request for Production No. 1-4, 8-13) (seeking "all documents" concerning various operations and capitalization of CSCI, CII, and CSCH, regardless whether they pertain to the Bear location); *id.* (Request for Production No. 9) (seeking "all documents" concerning the relationship between Expedia-WA and various U.S. and Canadian subsidiaries); *id.* (Request for Production Nos. 10, 13) (seeking "all documents" relating to the handling of customer disputes by various entities, irrespective of relevance to the Bear location or even the United States)*; id.* (Request for Production No. 11) (expressly fishing for documents concerning Delaware locations of five entities ***other than*** the Bear Location); *id.* (Request for Production Nos. 14-15) (seeking documents plainly lacking a nexus to the Bear location, including documents concerning CII and/or CII Canadian franchisees' operations in Canada).  Such requests would effectively impose no limits on IBM's proposed fishing expedition and would impose undue burden and expense on Expedia-WA by subjecting it to broad discovery concerning its Unites States and Canadian cruise businesses that is irrelevant to what takes place in Bear, Delaware.[4]

---

[3]     IBM provided the attached proposed discovery requests to Expedia-WA on Monday, August 5 (the day before this filing).  Expedia-WA has not yet had the opportunity to serve objections to the requests, but provide the exemplary disputes of scope noted above.  The parties agree that Expedia-WA will be permitted to serve objections and responses to IBM's as-served discovery requests, and Expedia-WA reserves its right to object on any and all available grounds under the Federal Rules, subject to the Court's rulings in connection with this submission.

[4]     Each of IBM's proposed document requests, except Request No. 5, also seeks "all documents" concerning the recited subject matter.  *See* Ex. 1.  Expedia-WA submits that the phrase "all documents" should be replaced with "documents sufficient to show" throughout IBM's document requests to further limit them to a reasonable scope.

The Honorable Christopher J. Burke
August 6, 2019
Page 6

The same is true of IBM's proposed Rule 30(b)(6) deposition topics and interrogatory. *See* Ex. 2 (Rule 30(b)(6) deposition topic Nos. 1-10) (expressly seeking information concerning CSCI, CII, and CSCH regardless whether it pertains to the Bear location, *e.g.*, by seeking information regarding Canadian operations, general information about relationships between Expedia-WA and CruiseShipCenters franchis**ors**, and information concerning unidentified non-Bear, Delaware locations of various entities); *id.* (Topic No. 10) (seeking information concerning how Expedia-WA handles customer services for Delaware customers, despite whether such services relate in any way to the Bear location, or even any CruiseShipCenters franchise location); Ex. 3 (Interrogatory No. 1) (broadly seeking operational and management information of all "Cruise Companies," despite whether such information has any relevance to the Bear location or even to the United States). The issue before the Court is whether a CSCI franchisee's Bear location is a place of business of Expedia-WA, and venue discovery should be limited to that specific business location.

### 2. Venue Discovery Must Also Be Tied to IBM's Venue Theory

Expedia-WA further submits that venue discovery should be limited to IBM's identified Bear location venue theory. This was clearly expressed in the Report. Specifically, discovery should be limited to the Report's identified issues of personnel, operations, and/or activities located or occurring at the identified Bear, Delaware location and the Court's two stated reasons for allowing limited venue discovery (*see* D.I. 160 at 18-22), which are:

1. The licensing and use of the Expedia® CruiseShipCenters® mark at the Bear location. *Id*. at 20-21.

2. Statements in the Marron Declaration concerning Expedia-WA, CSCI, CII, and Great Escapes, wherein the information relates to the Bear location.

3. Whether CSCI franchisees work on behalf of Expedia-WA <u>in the United States</u> to handle and process customer requests to book Expedia-WA cruises, wherein such requests are routed to the Bear location. *Id*. at 18-19;

4. Whether the Bear location uses Expedia-WA technology (including whether the Bear location shares a common cruise supply and/or common supply architecture with Expedia-WA). *Id*.;

5. Whether Expedia-WA is notified of bookings and payments made at the Bear location. *Id.*;

D.I. 160 at 18-22.

The narrow venue theory at issue does not warrant full-blown discovery into the manner in which Expedia-WA generally interacts with CruiseShipCenters franchis**ors** in Canada or in the United States: what matters is whether the business of Expedia-WA is being carried out at the Bear, Delaware franchis**ee** location. Venue discovery concerning CII, CSCI, CSCH, and/or other third-parties should not be permitted except to the extent it relates directly to the Bear location and, specifically, the issues enumerated above. *See* D.I. 160 at 5 ("The law is equally clear, however, that a plaintiff may not 'undertake a fishing expedition based only upon bare allegations, under the guise of [venue] discovery.'") (citing *Bristol-Myers Squibb Co.*, 2017 WL 3980155, at *21).

The Honorable Christopher J. Burke
August 6, 2019
Page 7

Moreover, most of IBM's requests seek information that is likely to be largely, if not exclusively, in the possession, custody, or control of third parties (such as CII, CSCI, and/or CSCH), which means that IBM will inevitably approach the Court for leave to conduct even more venue discovery in the future (potentially including discovery from Expedia-WA's Canadian subsidiaries), further postponing resolution of Expedia-WA's motion to dismiss. With less than three months of merits discovery remaining in this case, venue discovery should be strictly limited in both time and scope so that Expedia-WA's motion to dismiss may be resolved promptly.

### 3. The Court Should Further Impose Reasonable Limits on the Number of Venue Discovery Requests

IBM also proposes an unreasonable amount of venue discovery: 15 document requests, 17 Rule 30(b)(6) deposition topics, an interrogatory with numerous overly broad and unduly burdensome sub-parts, two individual depositions, and an apparent second wave of unlimited third-party subpoenas for documents and depositions. The number of IBM's proposed venue discovery requests is unreasonable in view of the narrow venue theory and limited issues under consideration. Expedia-WA submits that **5 document requests, 5 Rule 30(b)(6) deposition topics, and a single interrogatory with no more than five sub-parts** are appropriate limitations for venue discovery in this case.

Expedia-WA thus proposes that the Court permit only the following venue discovery:

1. As to Expedia-WA: no more than one interrogatory (containing no more than five discrete sub-parts), no more than 5 venue document production requests, and a Rule 30(b)(6) notice containing no more than 5 discrete topics.

2. As to Michael Marron: IBM may take a deposition of Michael Marron concerning statements in his declaration (D.I. 33) relating to the Bear location.

3. As to Great Escapes, Inc.: IBM may serve one third-party deposition subpoena on an appropriate representative of Great Escapes, Inc.

IBM should not be entitled to conduct any additional venue discovery. IBM should have identified all requested venue discovery in connection with this submission, and the Court should reject IBM's attempt to kick the can down the road by reserving the right to conduct unlimited follow-up discovery — particularly when IBM is on notice that much of the information sought is likely not in the possession, custody, or control of Expedia-WA. The written and deposition discovery relating to venue should also be counted against IBM's limits on written and deposition discovery imposed by the Court's Scheduling Order (D.I. 60) because, among other things, the parties negotiated those limits *after* Expedia-WA filed its motion to dismiss and is choosing to continue pursuing what will be shown to be yet another frivolous venue theory. IBM should have taken into account discovery concerning this threshold issue when the parties negotiated, and the Court imposed, discovery limits in this case.

The Honorable Christopher J. Burke
August 6, 2019
Page 8

Respectfully,

*/s/ Kelly E. Farnan*

Kelly E. Farnan (#4395)

cc:    Clerk of the Court (via hand delivery)
        Counsel of Record (via electronic mail)