# EXHIBIT 3

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>                Plaintiff,<br><br>        v.<br><br>EXPEDIA, INC., EXPEDIA, INC. HOMEAWAY.COM, INC., HOTELS.COM L.P., HOTWIRE, INC., ORBITZ WORLDWIDE, INC., ORBITZ, LLC, AND TRAVELSCAPE LLC<br><br>                Defendants. | Civil Action No. 17-1875-LPS-CJB |

## **IBM'S INTERROGATORY TO EXPEDIA, INC. REGARDING VENUE**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff International Business Machines Corporation ("IBM") hereby requests that Defendant Expedia, Inc. answer under oath the following interrogatory within thirty (30) days of service.

# DEFINITIONS

1.      As used herein, "Expedia" means Expedia, Inc., the entity known as Expedia-WA described in the Declaration of Michael Marron (D.I. 33 ¶ 8), and includes any predecessors, divisions, departments, subsidiaries, parents, affiliates, present or former officers, directors, employees, agents, counsel, representatives, and others authorized to act on behalf of Expedia, Inc.

2.      As used herein, "CII" means CruiseShipCenters International, Inc. and includes any predecessors, divisions, departments, subsidiaries, parents, affiliates, present or former officers, directors, employees, agents, counsel, representatives, and others authorized to act on behalf of CruiseShipCenters International, Inc.

3.      As used herein, "CSCH" means CSC Holdings, Inc., as described in the Declaration of Michael Marron (D.I. 33 ¶ 15), and includes any predecessors, divisions, departments, subsidiaries, parents, affiliates, present or former officers, directors, employees, agents, counsel, representatives, and others authorized to act on behalf of CSC Holdings, Inc.

4.      As used herein, "CSCI" means CruiseShipCenters USA, Inc. and includes any predecessors, divisions, departments, subsidiaries, parents, affiliates, present or former officers, directors, employees, agents, counsel, representatives, and others authorized to act on behalf of CruiseShipCenters USA, Inc.

5.      As used herein, "Great Escapes" means Great Escapes, Inc., as described in the Declaration of Michael Marron (D.I. 33 ¶ 21), and includes any predecessors, divisions, departments, subsidiaries, parents, affiliates, present or former officers, directors, employees, agents, counsel, representatives, and others authorized to act on behalf of Great Escapes, Inc.

6.      As used herein, "Bear Location" means the Expedia CruiseShipCenters located at 126 Fox Hunt Drive, Bear, Delaware, 19701 with Expedia CruiseShipCenters on its storefront, and

includes any predecessors, divisions, departments, subsidiaries, parents, affiliates, present or former officers, directors, employees, agents, counsel, representatives, and others authorized to act on behalf of the Expedia CruiseShipCenters located at 126 Fox Hunt Drive, Bear, Delaware, 19701.

7. As used herein, "Cruise Company" refers to CII, CSCH, CSCI, Great Escapes, and the Bear Location.

8. As used herein, "include" and "including" shall be construed to mean "without limitation," so as to acquire the broadest possible meaning.

9. As used herein, "communication" means any transmission of information by one or more persons and/or between two or more persons by any means, including telephone conversations, letters, telegrams, teletypes, telexes, telecopies, electronic mail, other computer linkups, written memoranda, and face-to-face conversations.

10. As used herein, "and" and "or" shall be construed conjunctively and disjunctively, so as to acquire the broadest possibly meaning.

11. As used herein, "any" and "all" shall each be construed to mean "each and every," so as to acquire the broadest possibly meaning.

12. The singular and masculine form of a noun or pronoun shall embrace, and shall be read and applied as, the plural or the feminine or neuter, as the particular context makes appropriate and to give the noun or pronoun the broadest possible meaning.

13. As used herein, "document" has the same broad meaning as in Rule 34 of the Federal Rules of Civil Procedure. The term "document" also encompasses tangible things.

14. As used herein, "person" means any natural person or any business, legal, or governmental entity or association.

15.     As used herein, "concerning" or "relating to" means, without limitation, identifying, describing, discussing, concerning, assessing, stating, reflecting, constituting, containing, embodying, tending to support or refute, or referring directly or indirectly to the particular subject matter identified.

16.     As used herein, the term "Source Code" means any software, HTML, JavaScript, source code, object code, template file, configuration file, or other electronic information for directing the operation of a computer, mobile device, website, server, or for processing electronic data including but not limited to computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler, other translator, or other data processing module.

17.     As used herein, the term "Source Code Computer" means any computer through which Expedia has made available its Source Code for review.

## **INSTRUCTIONS**

1. Whenever an interrogatory calls upon you to "state all factual and legal bases" of or for a particular claim, assertion, allegation, or contention, you shall:

   a. identify each and every document (and, where pertinent, the section, article or subparagraph thereof), which forms any part of the source of your information regarding the alleged facts or legal conclusions referred to by the interrogatory;

   b. identify each and every communication which forms any part of the source of your information regarding the alleged facts or legal conclusions referred to by the interrogatory;

   c. state separately the acts or omissions to act on the part of any person (identifying the acts or omissions to act by stating their nature, time, and place and identifying the person involved) which form any part of your information regarding the alleged facts or legal conclusions referred to by the interrogatory;

   d. state separately any other fact which forms the basis of your information regarding the alleged facts or legal conclusions referred to by the interrogatory.

2. If you claim attorney/client privilege or work product protection with respect to a document or oral communication for which information or identification is sought, a separate list of all such documents or oral communications shall be served with the answers to these interrogatories. Such separate list shall identify each document or oral communication by author, recipient, and recipients of copies (including titles and whether or not they are attorneys), the date of such document or oral communication, and a brief summary of the subject matter of the document or oral communication.

3.Whenever an interrogatory requests you to identify an individual or person, state, to the extent known, the person's full name, present or last known address, and, when referring to a natural person, the present or last known place of employment, and the present or last known title or occupation.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

4.Whenever an interrogatory requests you to identify a document, state, to the extent known, the type of document, the general subject matter, the date of the document, the Bates number (if applicable), and the author(s), addressee(s), and recipient(s).

5.If Expedia elects to avail itself of the procedure authorized by Federal Rule of Civil Procedure 33(d) for answering interrogatories, then for each interrogatory so answered, they must specify the particular documents (by production number) or particular file name of any files located on the Source Code Computer relating to the subject matter of that interrogatory, and the author and the date of preparation of each such document if such information is not apparent or is incorrectly or incompletely disclosed on the face of the document(s).

6.The interrogatories herein shall be deemed continuing, and it is requested that supplemental responses and production be provided as additional information or documents become available, in accordance with Federal Rule of Civil Procedure 26(e).

## VENUE INTERROGATORY

## INTERROGATORY NO. 1:

Separately for each Cruise Company, describe in detail the nature and extent of control, influence, direction, and input Expedia has over the Cruise Company, including but not limited to any requirement for Expedia to authorize any agreement which the Cruise Company enters; the ability of Expedia to enter an agreement that binds the Cruise Company; any funding or capitalization provided by Expedia to the Cruise Company; any input Expedia has into the use or dispensation of revenue, profits, funding, or other monetary consideration received by the Cruise Company; any Expedia personnel that take part in the management or decision-making of the Cruise Company or otherwise perform services for the Cruise Company; any employees who perform functions for a Cruise Company and Expedia; any technology, equipment, or source code of Expedia used by the Cruise Company; and any policies or practices written and/or established by Expedia that the Cruise Company is expected or required to follow.

OF COUNSEL:

John M. Desmarais
Karim Z. Oussayef
Laurie N. Stempler
Robert C. Harrits
Brian D. Matty
Michael Matulewicz-Crowley
Alexandra E. Kochian
Jun Tong
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Tel: (212) 351-3400

Dated:

RICHARDS LAYTON & FINGER

Kelly E. Farnan (#4395)
Renée Mosley (#6442)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Tel: 302-651-7700
farnan@rlf.com
mosley@rlf.com

*Attorneys for Plaintiff*
*International Business Machines Corporation*