

Francis DiGiovanni
302-467-4266 Direct
302-467-4201 Fax
Francis.DiGiovanni@dbr.com

August 7, 2019

Magistrate Judge Christopher J. Burke
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Wilmington, DE 19801

Re:   *International Business Machines Corp. v. Expedia Inc.,* C.A. No. 17-1875-LPS-CJB

Dear Judge Burke:

Pursuant to the Court's Oral Order of July 31, 2019, and the Joint Motion to Schedule Discovery Dispute Teleconference (D.I. 165), Defendant Homeaway.com, Inc. ("HomeAway") submits this letter requesting that the Court compel Plaintiff International Business Machines Corporation ("IBM") to produce documents that IBM produced in the *Groupon* and/or *Priceline* litigations, but improperly removed from its production in this case ***despite IBM's contrary representations to the Court during a discovery teleconference.***

This is not an ordinary discovery dispute. HomeAway served document requests on October 11, 2018, seeking all documents produced by IBM in Case No. 16-122-LPS-CJB ("*Groupon*") and/or Case No. 15-137-LPS-CJB ("*Priceline*"). Producing these documents would impose minimal burden on IBM because IBM has already collected, reviewed, and produced them in *Priceline*, *Groupon*, or in both cases, and IBM would only need to re-produce them in this case.

Rather than simply re-producing the requested documents, IBM withheld broad swaths of highly relevant documents—***and concealed, from both HomeAway and the Court, what it had done***. IBM never informed HomeAway that it had removed licensing communications and other documents concerning the asserted patents. Rather, IBM served ambiguous objections to the requests and maintained that it was not obligated to inform HomeAway of the documents that it was withholding from production in this case. Accordingly, HomeAway filed a motion to compel IBM to provide specific objections to HomeAway's document requests that comply with Rule 34(b)(2)(C) (D.I. 84). The Court granted this motion during the February 25, 2019, telephone hearing.

Before the telephone hearing, IBM misled HomeAway regarding the scope of documents that IBM withheld from its *Groupon* and *Priceline* productions. After HomeAway's repeated requests for IBM to identify the documents that IBM withheld, IBM provided non-limiting "examples" of withheld documents suggesting that IBM had only withheld "defendant-specific" documents (*i.e.*, source code and other confidential information of the defendants in prior cases). D.I. 84-4 (Jan. 29, 2019, email from M. Crowley to J. Gray ).

IBM's deception continued during the February 25, 2019, telephonic discovery hearing:

> **THE COURT:** Well, like I'm looking at Request For Production Nos. 9 and 10. Those are requests that ask for all documents and things produced by IBM in connection with the Groupon and Priceline litigations.

DrinkerBiddle&Reath LLP

Page 2

> . . . .
>
> Do you know just to say, for example, those two RFPs, what you have produced and what you haven't produced that would fall under the request and why you have or haven't?
>
> **[IBM COUNSEL]:** Your Honor, I think **<u>I can definitely say that we have produced all documents from those productions except for</u>** the kind of underlying specific production or, I'm sorry, the underlying specific documents. So that is what IBM was trying to get at with its examples of videos and images of the defendant's websites; **but just to be clear, we produced all documents from those Priceline and Groupon productions, <u>except for the underlying defendant specific documents</u>**.

02/25/2019 Hearing Transcript at 15:22-25;16:9-12 (emphasis added). IBM's counsel went on to explain what was meant by "defendant specific documents":

> **[IBM COUNSEL]:** … So an example is IBM throughout the [Priceline and Groupon] litigation had their expert take images and videos of the defendants' website, let's say, for example, Groupon.com. Those were then produced in the Groupon litigation and those underlying specific documents like those images were not produced in this case.

*Id.* at 17:1-6; 19:14-22. IBM's counsel further assured the Court, multiple times, that only "defendant specific" documents were being withheld. *See id.* at 17:19-23; 18:3-5; 18:12-18. The Court relied on these representations. *See id.* at 18:6-11; 48:21-25.

Only after the Court ordered IBM to serve supplemental objections to HomeAway's document requests did IBM reveal that the representations that it had made to the Court and HomeAway were false. **IBM had removed from its production in this case all email communications (and presumably their attachments) that IBM produced in the *Groupon* and/or *Priceline* cases, including licensing communications and communications concerning the asserted patents**. Such documents are plainly not "defendant-specific" documents, which is what IBM had represented to the Court and HomeAway to be the only documents removed from the its *Groupon* and *Priceline* productions in response to HomeAway's document requests.

**<u>IBM's Pattern of Deception</u>**

As illustrated below, even before IBM made its misrepresentations to the Court, IBM repeatedly provided evasive responses to HomeAway's straightforward requests:

- On October 11, 2018, HomeAway served its initial document request. *See* D.I. 84-1.
  - On December 12, 2018, IBM served deficient responses that failed to identify whether IBM was withholding any documents based on IBM's objections. *See* D.I. 84.
- On January 11, 2019, HomeAway asked IBM to comply with Rule 34(b)(2)(C) by identifying all documents that IBM withheld on the basis of its objections. *See* D.I. 84-3 (Jan. 15, 2019, email from J. Gray to M. Crowley).
  - On January 18, 2019, IBM stated it would produce documents from the *Priceline* and *Groupon* litigations "<u>in the next two weeks</u>" but avoided confirming whether IBM had withheld or intended to withhold documents based on its objections. *See id.*

DrinkerBiddle&Reath LLP

Page 3

- On January 23, 2019, HomeAway asked IBM to confirm that IBM was not withholding any documents based on IBM's objections. *See id.*

  o On January 24, 2019, IBM responded that "[w]e expect our production to comprise the particular documents that Defendants are seeking," but ignored confirming whether any documents were being withheld. *See id.*

- On January 30, 2019, HomeAway asked IBM—on two separate occasions—to confirm that IBM was not withholding any documents on the basis of its objections. Again, IBM provided cryptic responses.

  o First, IBM responded that "we anticipate our production to cover the documents that you are seeking," but avoided addressing whether IBM was in fact withholding any documents. *See* D.I. 84-4.

  o Later, IBM responded that it would produce several documents "from the Groupon and Priceline litigations that were requested in HomeAway's discovery requests." *See id.* This response, like the others, avoided answering whether IBM withheld any documents based on its objections.

IBM's incomplete and evasive responses led to the Court's Order requiring IBM to supplement its responses and to "include, first, a more affirmative statement that in fact responsive materials have been withheld on the basis of IBM's objections to the RFPs if in fact that is the case. Then, secondly, at least some reasonable attempt as to categorize what types of documents have been withheld." 02/25/2019 Hearing Transcript at 44:15-20.

**IBM Withheld Previously-Produced Emails and Did Not Disclose That Withholding**

On March 13, 2019, IBM served its Court-ordered supplemental responses that—for the first time—revealed that IBM had in fact removed all email communications (and presumably their attachments) from the *Priceline* and *Groupon* productions and withheld them from HomeAway, ***regardless of whether they pertained to "defendant specific" subject matter.*** *See* Ex. A. at 12-15. Despite its prior misrepresentations, IBM nonetheless refuses to produce the emails (and attachments) that it removed from its prior productions, including "emails responsive to search terms negotiated with Priceline to locate documents relevant to the issues in the Priceline Litigation." *Id.* at 14. IBM, however, has avoided answering whether such emails are *also* relevant in this case and has refused to provide the list of search terms used in the *Priceline* and/or *Groupon* litigations. IBM's continued refusal to produce emails previously produced in *Priceline* and *Groupon* (including licensing communications and other documents concerning the asserted patents or other issues relevant to this case) is the heart of the present dispute.

On April 8, 2019, HomeAway demanded that IBM produce all withheld emails. *See* Ex. B (April 8, 2019, email from J. Gray to M. Crowley). The parties met and conferred on April 9, 2019, and again on June 17, 2019. Rather than produce these documents, IBM invented a pretext for its withholding: that producing the plucked emails would constitute "email discovery," which IBM asserted the parties agreed to forego in this case. As a purported "compromise," IBM proposed a retaliatory email discovery scheme, whereby IBM would produce certain emails only if the parties establish an email discovery protocol in this case.

IBM's belated and transparent pretext for withholding the documents is preposterous. If IBM genuinely believed in this post-hoc rationalization of its decision to withhold emails, it would

not have avoided answering HomeAway's direct requests seeking identification of withheld documents. Producing emails from previous cases involving the asserted patents—emails that IBM already collected, reviewed, and produced in prior cases—plainly does not constitute "email discovery" *in this case* that justifies IBM's insistence, now, on a retaliatory one-way email discovery protocol requiring defendants to conduct new searches based on IBM-selected search terms and custodians. HomeAway simply requests that IBM turn over the same documents it produced in previous litigation on identical patents. The parties' verbal agreement not to conduct new searches of new custodians for purposes of this case does not give IBM license to secretly remove previously produced documents that are plainly relevant to the issues in this case. *See* Ex. D. IBM's withholding of relevant documents, followed by a one-sided "email discovery" proposal seemingly designed to discourage Defendants from bringing IBM's misrepresentations to the Court's attention, is improper.

**The Emails Withheld By IBM Are Relevant and Can Be Produced With No Burden on IBM**

Documents deemed relevant by IBM in the prior related litigations are relevant here. Every patent involved in *Priceline* and *Groupon* is asserted in this case and the cases share many of the same or substantially similar disputed issues as in this case (*e.g.*, invalidity and damages). Thus, the requested discovery would likely contain statements made about the asserted patents, alleged infringement, and the licensing relationship among IBM, Priceline, Groupon, and other potential licensees. Moreover, that IBM seemingly intends to rebut defendants' obviousness defense by referencing the licensing of its patents to Priceline and Groupon further illustrates that these communications are pertinent to the issues raised in this case. *See* Ex. C at 8 (IBM contending that "successful licensing of the patents-in-suit by IBM provides relevant objective evidence of its *nonobviousness*") (emphasis added). The relevancy requirement under Rule 26(b)(1) is plainly satisfied here. Moreover, compelling IBM to produce emails that IBM has previously produced would impose a minimal burden, if any, on IBM because the only emails HomeAway seeks are those that (i) are relevant to the issues in this case, and (ii) IBM previously reviewed and provided to Priceline and Groupon. *See* Ex. D.

Accordingly, the Court should grant HomeAway's motion to compel the production of all documents responsive to its Requests Nos. 9 and 10, including **all documents** that IBM produced in *Priceline* and *Groupon*. IBM should not be permitted to remove even "defendant specific" documents at this time because for months it has misled the Court and HomeAway as to its prior withholding, and IBM has not indicated that the *Priceline* or *Groupon* defendants object to production of their confidential information in this case by IBM. Defendants' understanding is that IBM has not withheld any documents *on behalf of* such third parties, such as in response to a third-party objection to production of its confidential information—but rather on behalf of itself, in an attempt to shield relevant information from Defendants.

Respectfully submitted,

*/s/ Francis DiGiovanni*

Francis DiGiovanni (#3189)

cc: Clerk of the Court (by ECF)
All Counsel of Record (by ECF)