# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERNATIONAL BUSINESS MACHINES CORPORATION, : : : Plaintiff, : : v. : : EXPEDIA, INC., EXPEDIA, INC., : HOMEAWAY.COM, INC., : HOTELS.COM L.P., HOTWIRE, INC., : ORBITZ WORLDWIDE, INC., : ORBITZ, LLC, AND : TRAVELSCAPE LLC, : : Defendants. : | Civ. No. 17-1875-LPS-CJB |

## MEMORANDUM ORDER

WHEREAS, Magistrate Judge Burke issued a Report and Recommendation ("12(b)(6) Report") (D.I. 104) on April 11, 2019, recommending that the Court deny the motion to dismiss (D.I. 31) filed by Defendants Expedia, Inc. ("Expedia Group"), Expedia, Inc. ("Expedia-WA"), Homeaway.com, Inc. ("Homeaway"), Hotels.com L.P. ("Hotels.com"), Hotwire, Inc. ("Hotwire"), Orbitz Worldwide, Inc. ("Orbitz Worldwide"), Orbitz, LLC ("Orbitz"), and Travelscape LLC ("Travelscape") (collectively, "Defendants") as it related to Plaintiff International Business Machines Corporation's ("IBM") claims of direct patent infringement in its Amended Complaint (D.I. 27);

WHEREAS, on April 25, 2019, Expedia Group filed objections ("12(b)(6) Objections") (D.I. 109), specifically objecting that (1) Judge Burke did not resolve Expedia Group's

challenges to IBM's "alter ego and agency theories of liability" and (2) IBM had not stated a plausible claim for direct infringement;

WHEREAS, on May 9, 2019, IBM filed a response to Expedia Group's 12(b)(6) Objections (D.I. 111) ("12(b)(6) Response");

WHEREAS, Magistrate Judge Burke issued another Report and Recommendation ("12(b)(3) Report") (D.I. 160) on July 24, 2019, recommending that the Court (1) grant Defendants' motion to dismiss (D.I. 31) IBM's Amended Complaint (D.I. 27) as to Defendants Hotels.com and Travelscape for improper venue to the extent that the actions against these Defendants should be transferred; (2) deny without prejudice Defendants' motion to dismiss IBM's Amended Complaint as to Defendant Expedia-WA; and (3) grant IBM's requests that the actions against Defendants Hotels.com and Travelscape be transferred to the Northern District of Texas and the District of Nevada, respectively; further, Judge Burke ordered venue-related discovery on whether the Bear, Delaware location of Great Escapes—a franchisee of Expedia-WA subsidiary CruiseShipCenters ("CSCI")—is Expedia-WA's "place of business;"

WHEREAS, on August 7, 2019, Defendants filed objections to the 12(b)(3) Report ("12(b)(3) Objections") (D.I. 176), specifically objecting that (1) Judge Burke had not resolved Defendants' 12(b)(6) challenges that Defendants raised in their motion to dismiss; (2) IBM should not be allowed to conduct venue discovery; and (3) Defendants Expedia-WA, Hotels.com, and Travelscape should be dismissed rather than transferred;

WHEREAS, on August 21, 2019, IBM filed a response to Defendants' Objections (D.I. 194) ("12(b)(3) Response");

WHEREAS, the Court has reviewed *de novo* the portions of Judge Burke's Reports relating to the dispositive issues of dismissal and adequacy of the pleadings, *see Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3);

WHEREAS, the Court has reviewed Judge Burke's order for venue discovery for abuse of discretion, *see Davis v. Harlow*, 632 Fed. App'x 687, 690 (3d Cir. 2015);

WHEREAS, the Court has reviewed Judge Burke's recommendation to transfer *de novo*, although a motion to transfer venue is non-dispositive and subject to a "clearly erroneous" or "contrary to law" standard of review, *see 360Heros, Inc. v. GoPro, Inc.*, 2019 WL 4316296, at *1 n.1 (D. Del. Sept. 12, 2019) (applying *de novo* review to motion to transfer venue "for the sake of argument" when parties disputed applicable standard of review);

NOW THEREFORE, IT IS HEREBY ORDERED that Expedia's Objections (D.I. 109) and Defendants' Objections (D.I. 176) are OVERRULED, Judge Burke's Reports (D.I. 104, 160) are ADOPTED, Defendants' motion to dismiss (D.I. 31) is DENIED as to all Defendants except for Hotels.com and Travelscape and GRANTED as to Defendants Hotels.com and Travelscape but only to the extent that IBM's actions against Hotels.com and Travelscape are transferred to the Northern District of Texas and the District of Nevada, respectively.

1. Expedia Group first objects that Judge Burke has not resolved its Rule 12(b)(6) challenges to IBM's "alter ego and agency theories of liability." (D.I. 109 at 2) Judge Burke was not obligated to resolve these challenges. Judge Burke found that IBM stated a claim for patent infringement by alleging that Expedia Group directly infringes IBM's patents "by offering travel services through its travel brands' websites and mobile applications." (D.I. 104 at 5) Since IBM satisfied its burden through these allegations, the Court "need not reach [IBM's] other asserted

3

grounds for surviving the motion to dismiss." *Kickflip, Inc. v. Facebook, Inc.*, 999 F. Supp. 2d 677, 686 n.3 (D. Del. 2013).

2.  Expedia Group next objects to Judge Burke's conclusion that IBM stated a plausible claim for direct infringement. (D.I. 109 at 2) It argues that Judge Burke reached this conclusion by misinterpreting two documents IBM attached to its Amended Complaint: (1) Expedia Group's 10-K form, which states that "[w]e operate several technology platforms that support our brands;" and (2) Expedia Group's filing in a different case, in which Expedia Group admitted it "offers" three of the accused websites. (D.I. 109 at 3) Judge Burke concluded that these documents could suggest that Expedia Group operated or controlled the infringing websites. (D.I. 104 at 8) Expedia Group supports its contrary interpretation of these documents by citing a declaration from its executive, Michael Marron, that it filed with its motion to dismiss. (D.I. 109 at 3-4) However, courts deciding motions to dismiss must "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Thus, at this stage the Court must, and does, take as true IBM's plausible interpretation of its documents notwithstanding Expedia's denial of the well-pleaded allegations. *See generally Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (noting that "[t]o decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record.").

3.  Defendants first object to the 12(b)(3) Report on the ground that Judge Burke did not resolve Defendants' Rule 12(b)(6) challenge to IBM's alter ego and agency theories of liability. (D.I. 176 at 1) The Court already rejected this same objection in the context of the 12(b)(6) Report above. *See also Kickflip*, 999 F. Supp. 2d at 686 n.3.

4. Defendants next object to Judge Burke's order permitting venue discovery. (D.I. 176 at 4) Defendants argue that no precedent exists for allowing venue discovery "based on a theory that involved a defendants' *franchisee*—much less the *franchisee of a defendant's subsidiary*." (*Id.*) The Court finds no abuse of discretion. Courts may grant venue-related discovery when parties "at a minimum, state a 'non-frivolous' basis for venue and do so with 'reasonable particularity.'" *Bristol-Myers Squibb Co. v. Mylan Pharm., Inc.*, 2017 WL 3980155, at *21 (D. Del. Sept. 11, 2017). IBM provided evidence suggesting that Expedia-WA offers online reservation services through its subsidiary, CruiseShip Centers International (CII), which operates 166 franchises. (D.I. 160 at 17-20) As Judge Burke noted, this evidence raises the possibility that Expedia-WA also offers these services through both CSCI—another subsidiary—and Great Escapes, a CSCI franchisee. (D.I. 160 at 20-21) IBM also showed that Great Escapes uses an "Expedia® CruiseShipCenters®" mark on its storefront that it licenses from Expedia-WA and CII. (*Id.*) IBM's showing at least raises the possibility that Expedia-WA "exercises [] attributes of possession or control over the place," a relevant consideration for whether Great Escapes is Expedia-WA's place of business. *See In re Cray Inc.*, 871 F.3d 1366, 1363 (Fed. Cir. 2017) (noting that "whether the defendant . . . places its name on a sign associated with or on the building itself" is "[p]otentially relevant inquir[y]" as to whether building is defendant's place of business). IBM has stated a "non-frivolous" basis for venue. *See Javelin Pharm., Inc. v. Mylan Labs. Ltd.*, 2017 WL 5953296, at *4 (D. Del. Dec. 1, 2017) ("[T]he 'place' of a *corporate affiliate* or subsidiary of a named defendant may, in at least some circumstances . . . be treated as a 'place of the defendant.'") (emphasis added).

5. Finally, Defendants object to Judge Burke's recommendation that the Court transfer the cases against Defendants Hotels.com and Travelscape to the Northern District of Texas and the District of Nevada, respectively. (D.I. 176 at 7) The Court finds no error in these recommendations. IBM requested transfer in its Opposition to Defendants' Motion to Dismiss (D.I. 40 at 19-20), but Defendants did not respond to this request in their Reply (D.I. 46). Instead, they waited until their 12(b)(3) Objections to oppose transfer.[1] (D.I. 176 at 7-9) "[I]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Bukovinsky v. Pennsylvania*, 455 Fed. App'x. 163, 165-66 (3d Cir. 2011); *see also* D. Del. Standing Order for Objections Filed Under Fed. R. Civ. P. 72 at ¶ 5 (requiring objecting party to provide "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and describing the good cause for failing to previously raise the new legal/factual arguments before the Magistrate Judge"). As the parties do not dispute that venue is proper in the proposed transferee Districts (*see* D.I. 176 at 8 n.3), and Defendants failed to respond in a timely manner to IBM's transfer request, the Court can find no error in the recommendation to transfer.

September 24, 2019  
Wilmington, Delaware

HONORABLE LEONARD P. STARK  
UNITED STATES DISTRICT COURT

---

[1] Defendants insist that they "addressed this issue directly in their opening brief." (D.I. 176 at 7-8) However, the Court cannot identify any such argument in Defendants' opening brief, which (like Defendants' Reply brief) does not even mention the world "transfer." (D.I. 32) Defendants' argument that "dismissal is appropriate" (D.I. 176 at 8) did not adequately or directly address IBM's transfer request.